## Effie W. Corry, Appellant, *v.* The Pennsylvania Railroad Company.

*Practice, C. P.—Obligation to file affidavit of defense in assumpsit.*

The obligation to file a sufficient affidavit of defense in the action of assumpsit, is fixed by the act of 1887, and the practice or method of procedure to impose the penalty for default or insufficiency of affidavit, follows that obtaining in the several courts at the time of the passage of the act of 1887 in actions of debt and assumpsit.

*Actions against carrier—Election of assumpsit demands affidavit of defense.*

A carrier may be sued in Pennsylvania in assumpsit for breach of contract or in tort for violation of public duty, at the election of the plaintiff

and if, by his statement of promise and consideration, he clearly indicates his election to sue on the implied contract in assumpsit, he is entitled, in such case, to require from the defendant an affidavit of defense provided that the damages for the breach of contract are, by the statement of claim, made sufficiently specific to enable the court to enter judgment on default of affidavit, or on failure to file a sufficient affidavit of defense.

Argued Dec. 14, 1898.   Appeal, No. 181, Oct. T., 1898, by plaintiff, from order of C. P. No. 4, Phila. Co., Sept. T., 1898, No. 548, discharging rule for judgment for want of a sufficient affidavit of defense.   Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ.   Reversed.   Opinion by W. W. PORTER, J.

Rule for judgment for want of a sufficient affidavit of defense.   Before the court in banc.

It appears from the record that the action was assumpsit. Statement and affidavit filed in the case are as follows:

The plaintiff, Effie W. Corry, brings this suit against the defendant, the Pennsylvania Railroad Company, to recover the sum of $579, which said sum with interest from September 13, 1898, is justly due and payable to plaintiff by defendant upon the cause of action of which the following is a statement:

The defendant is a corporation created and existing under and by virtue of the laws of the state of Pennsylvania, and was so at all times hereinafter referred to.   Said defendant operates a line of railroad from Jersey City to Camden, in the state of New Jersey; and was, during the month of September, 1898, a carrier for hire of passengers together with their baggage on said railroad between the points mentioned.   Along said line is situated the town of Beverly, at which place the said defendant has located a station where trains in either direction stop to take on and leave off passengers and their baggage; and at the time hereinafter mentioned conducted and maintained a depot or station house with waiting rooms and a ticket office in charge of a servant duly authorized to perform the duties of a ticket agent, baggage agent and general station agent.

The plaintiff intended to become a passenger on defendant's railroad from Beverly to Camden, and, in pursuance of such intention, on the 12th day of September, 1898, she sent her trunk containing her personal baggage to the said station by a

public hackman for the purpose of having the same transported to Camden and thence to Philadelphia, together with herself as passenger, at the customary fare charged by said defendant. The hackman on said day carried the said trunk into the waiting room of defendant's station aforesaid, and in the presence of its said agent deposited the same at the place in said room designated by said company's agent for the reception of intending passengers' baggage, and where such baggage was always delivered to and received by the defendant company, and informed said defendant's agent that it was the baggage of plaintiff, an intending passenger, and then left the same in the defendant's charge and care. Upon the delivery of said trunk and baggage as aforesaid, the defendant assumed to take charge thereof, and undertook to keep the same safely until the arrival of the plaintiff as passenger, to carry it together with her to her destination, and to deliver it to her in the same good condition as it was when received by defendant.

The defendant, however, did not safely keep the said trunk and baggage, but so negligently and carelessly kept the same that before and at the time the plaintiff reached the station to pay her fare and take her contemplated journey, almost all the articles of baggage which said trunk contained, when delivered to defendant as aforesaid, were missing from said trunk. Nevertheless, the plaintiff still paid the usual fare and became a passenger over the defendant's railroad, as contemplated when her said trunk and baggage were delivered to defendant; and the said articles have never been redelivered to plaintiff, although demand has been made for the same.

The plaintiff avers that the said missing articles are specifically set forth in exhibit "A," which she prays may be taken as part of her statement, and that they were her own separate property; and were as to the respective articles of the value set opposite thereto in said exhibit, aggregating the sum of $579, being the amount for which this suit is brought, and which has been demanded of the defendant and payment refused.

### AFFIDAVIT OF DEFENSE.

F. J. McWade, being duly sworn according to law doth depose that he is general baggage agent of the defendant corporation and on its behalf he deposes:

That in reply to the rule to file an affidavit of defense he is advised that as the cause of action set forth in the declaration is founded on negligence, that the same does not require any affidavit of defense thereto.

The court discharged the rule for judgment for want of a sufficient affidavit of defense. Plaintiff appealed.

*Error assigned* was in not making absolute rule for judgment for want of a sufficient affidavit of defense.

*T. A. Fenstermaker*, for appellant.—The affidavit filed by defendant, on its face, is a reply to the plaintiff's rule for an affidavit of defense, entered under the rules of court; on its back, it is indorsed " affidavit of defense." Treated as an affidavit of defense, it must be held to admit every material allegation in plaintiff's statement not specifically denied : Ashman v. Weigley, 148 Pa. 61; Ins. Co. v. Groff, 154 Pa. 200.

Without traversing or denying any averment of fact in plaintiff's sworn statement, the affidavit of defense merely sets out a legal conclusion. This is not a sufficient answer : Sigua Iron Co. v. Vandervort, 164 Pa. 572.

It is not enough, however, for the defendant to show that the plaintiff might have sued in tort. Indeed, that may be admitted most freely. But, having an election of actions, defendant must show that the plaintiff, exercising that election, has sued on the tort, and yet seeks to hold the defendant as though the suit were on the contract.

It has been held in numerous cases that where the injury complained of is both a breach of contract and a tort, the plaintiff may proceed upon the latter, or he may waive the tort and declare upon the contract: Zell v. Dunkle, 156 Pa. 353; Menner v. Canal Co., 7 Pa. Superior Ct. 135.

So the decisions in Pennsylvania and England appear now to be that the plaintiff may waive the tort and proceed on the contract; and that he does so whenever he avers a promise and a consideration, thus obtaining the advantages and accepting the consequences of his election: Hunt v. Wynn, 6 Watts, 47; McCahan v. Hirst, 7 Watts, 175; Cook v. Haggarty, 36 Pa. 67; Woodruff v. Painter, 150 Pa. 91; Zell v. Dunkle, 156 Pa. 353; Menner v. Canal Co., 7 Pa. Superior Ct. 135; Baylis v.

Lintott, L. R. 8 C. P. Div. 345; Bryant v. Herbert, L. R. 3 C. P. Div. 189; Fleming v. Railway Co., L. R. 4 Q. B. Div. 81.

It is submitted that, under the foregoing authorities, the plaintiff had the right to elect, and has elected, the action of assumpsit as her remedy; and is entitled to judgment on failure of the defendant to reply by an affidavit setting forth a substantial and legal defense on the merits of the case, as required by the act of 1887: Byrne v. Hayden, 124 Pa. 177; Jones v. Gordon, 124 Pa. 263; Laufer v. Landis, 125 Pa. 104; Marlin v. Waters, 127 Pa. 177; Wing v. Bradner, 162 Pa. 72; Market Co. v. Brooks, 163 Pa. 40; Oil City v. Hartwell, 164 Pa. 348; Paul v. Grim, 165 Pa. 139.

Osborn v. First National Bank, 154 Pa. 134, does not rule this case against appellant. That was a penal action in substance, so much so, and so far removed from a contract that it was even held that the defendant could not be obliged to testify against himself, because of its quasi-criminal character, and, of course, was not called upon to file an affidavit of defense.

*Edwin J. Sellers*, with him *David W. Sellers*, for appellee.— The question in this case is not whether the appellant has a good cause of action in assumpsit or on the case at common law. The decisions before the Act of May 25, 1887, P. L. 271, arising on forms of the action, or upon trials, have no application to the provisions in sections 3 and 5 of that act.

Before this act no judgment for want of an affidavit of defense was recoverable, unless the instrument or contract set forth created a direct liability for the payment of money. The test was, could the plaintiff secure a verdict on the face of the instrument. If he could, then an affidavit was required; if he could not, then the cause of action stood over for trial: Ins. Co. v. Brierly, 10 W. N. 45; Calhoun v. Loan Assn., 104 Pa. 392; Paving Co. v. Traction Co., 115 Pa. 280. This doctrine has not been changed, though the action is assumpsit under the act of 1887: Osborn v. Bank, 154 Pa. 134.

This question has not arisen in the appellate courts since the act. It has been remarked upon by the county courts of Philadelphia, however: Krause v. Penna. R. Co., 20 W. N. 111; Hirst v. Whitesides, 1 Dist. Rep. 621.

The new practice act of 1887 does not require a defendant in

an action ex delicto to file an affidavit of defense. The plaintiff having declared in trover cannot therefore have judgment for want of an affidavit of defense.

OPINION BY WILLIAM W. PORTER, J., April 17, 1899:

The act of May 25, 1887, provides that the statement or demand in the action of assumpsit "shall be accompanied by copies of all notes, contracts, book entries or a particular reference to the records of any court, within the county in which the action is brought, if any, upon which the plaintiff's claim is founded."

It provides that after service of the statement is made as required, "it shall be the duty of the defendant in the action of assumpsit to file an affidavit of defense on or before return day;" and that "judgment may be moved for want of an affidavit of defense, or for want of a sufficient affidavit, for the whole or part of the plaintiff's claim, as the case may be, in accordance with the present practice in actions in debt and assumpsit." Eliminating the last twelve words, there can be no doubt that the purpose is to require the defendant to file an affidavit of defense in every action of assumpsit under the act.

When, however, the act refers to the motion for judgment, it requires it to be made " in accordance with the present practice in actions of debt and assumpsit."

The history of the affidavit of defense law is well traced in Abeles v. Powell, 6 Pa. Superior Ct. 123, by our Brother SMITH. It need not be repeated here. It is sufficient to say that the Act of March 28, 1835, P. L. 88, was in force at the time of the passage of the act of 1887, and was in large measure the basis of the then practice.

The act of 1835 required that "in all actions on bills, notes, bonds and other instruments for the payment of money, and for the recovery of book debts, . . . . it shall be lawful for the plaintiff to enter judgment by default, . . . . unless the defendant shall previously have filed an affidavit of defense, stating therein the nature and character of the same; provided that, in all such cases, no judgment shall be entered . . . . unless the said plaintiff shall . . . . have filed, in the office of the prothonotary, a copy of the instrument of writing, book entries, record or claim on which action has been brought."

The act is thus referred to by the present chief justice of the

Supreme Court: "The statute is undoubtedly remedial,—intended to prevent vexatious and useless delay and expense in the administration of justice, and thus facilitate the collection of pecuniary claims, founded on written instruments, in cases where the defendant has no meritorious or available defense:" Vulcanite Paving Co. v. Philadelphia, 115 Pa. 280. The opinion in this case was delivered March 14, 1887, about three months previous to the approval of the new procedure act.

The practice then was to enter judgment in suits "founded on written instruments," and this by virtue of legislation. But the act of 1887 clearly supersedes the act of 1835. The former requires an affidavit in every action of assumpsit. It requires copies of written instruments, if any, to accompany the statement. It does not provide that where there are no written instruments, no affidavit shall be required. The reference to the "present practice in debt and assumpsit" cannot work a construction of the body and purpose of the act at variance with its expressed meaning. The act of 1887 does not contemplate a practice required by the act of 1835. See Newbold v. Pennock, 154 Pa. 591.

We therefore conclude that the obligation to file a sufficient affidavit of defense in the action of assumpsit, is fixed by the act of 1887, and that the practice or method of procedure to impose the penalty for default or insufficiency of affidavit, follows that obtaining in the several courts at the time of the passage of the act of 1887, in actions of debt and assumpsit.

This is practically accepted practice, but it should follow, therefrom, that in all actions, properly brought in statutory assumpsit, an affidavit of defense must be furnished. This is not the invariable rule. In Osborne v. The Bank, 154 Pa. 134, it is held that where the action is for the recovery of a penalty, no affidavit of defense is required. One of the reasons given is because the proceeding is "substantially an action ex. delicto." See also Bartoe v. Guckert, 158 Pa. 124.

Thus the form may properly be assumpsit, but if the substance of the action is in fact tort, the defendant is absolved from filing an affidavit. The case of The Bank v. Gardiner, 171 Pa. 267, seems to be in conflict with this exception, but the point was not raised in that case.

No authority need be cited for the proposition that a carrier

may be sued in Pennsylvania in assumpsit for breach of contract, or in tort for violation of public duty, at the election of the plaintiff. In the statement of claim before us, the plaintiff has set up a contract, and the action is in form assumpsit for breach: Smith v. Seward, 3 Pa. 342. The use of the words "negligent" and "negligently," applied to the conduct of the defendant in the statement of claim, does not convert the action into one ex delicto. These terms may be used in setting up a breach of contract as aptly as in alleging the violation of public duty: Menner v. Canal Co., 7 Pa. Superior Ct. 135.

In view of the exception made by the Supreme Court, and noted above, we may inquire upon what a suit against a carrier is primarily founded. There has been difference of opinion on this question, but the better view seems to be that the foundation of the right of action is in contract.

The relation between a carrier and his employer is one of bailment. The gist of the action against the carrier is found in his undertaking. It is his implied promise that originally binds him to the performance of the carriage. Superimposed is the duty fixed upon him by the policy of the law, obliging him to carry "against all events but acts of God and of the enemies of the king." See judgment of Lord HOLT, in Coggs v. Bernard, 1 Smith's Leading Cases, *199.

But if the two forms of action, at the option of the plaintiff, rise simultaneously, and neither can be said to be the foundation or precursor of the other, the election by the plaintiff of his form of action, will determine the character of the obligation of the defendant for breach of which, the plaintiff sues. The difficulty in determining whether the fundamental right of action is on the contract or on the tort, is referred to in Porter v. Hildebrand, 14 Pa. 129. The citations contained in the opinion of Mr. Justice BELL show the contrariety of judicial opinion. From these authorities he, however, draws the following conclusion: "These, after referring to the right of the plaintiff to bring either assumpsit on the implied contract, or case for negligence, fully establish that the form of action selected is to be governed by the rules applicable to it in all other instances." See also McCall v. Forsyth, 4 W. & S. 179.

This must mean that the law of Pennsylvania is that if the plaintiff, by his statement of promise and consideration, clearly

indicates his election to sue on the implied contract, in assumpsit, his action shall proceed as in other actions of assumpsit. This being the law, it follows that he is entitled, in such case, to require from the defendant an affidavit of defense, provided, that the damages for the breach of contract are, by the statement of claim, made sufficiently specific to enable the court to enter judgment on default of affidavit, or on failure to file a sufficient affidavit of defense.

The assignments of error are sustained; the judgment of the court below is reversed; and the record is remitted with directions to the court below to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the said court, why such judgment should not be so entered.