## Ripple *v.* Succop, Appellant.

*Judgment—Opening judgment—Terre-tenant—Evidence—Payment.*

Where a terre-tenant who purchased real property from the defendant in a confessed judgment, petitions the court for a rule to open the judgment and let him into a defense, and alleges payment, and that he accepted a deed for the property relying upon the representations of the defendant, the plaintiff and an assignee of the judgment that it was paid, and the evidence offered by the terre-tenant to support his allegations, strongly preponderates, and the opinion filed shows that the decision was not based on the whole case, and that the application was refused for a reason, which, standing alone, was not a bar to the relief sought, the appellate court will reverse an order of the lower court discharging the rule to open the judgment.

Argued Oct. 24, 1905. Appeal, No. 47, Oct. T., 1905, by defendant, from order of C. P. Huntingdon Co., Sept. T., 1900, No. 140, discharging rule to open judgment in case of Thomas J. C. Ripple for use of G. L. Owens *v.* Benjamin F. Ripple and Charles E. Succop, terre-tenant. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment. Before WOODS, P. J.

The opinion of the Superior Court states the facts of the case.

*Error assigned* was order discharging the rule to open the judgment.

*T. C. Noble,* with him *W. H. Trude, S. G. Nolin* and *Scandrett & Barnett,* for appellant, cited: Lewis v. Linton, 24 Pa. C. C. Rep. 188; Waddington v. Vredenbergh, 2 Johns. Cases (N. Y.), 227; Cloud v. Markle, 186 Pa. 614; Waters v. Largy, 5 Rawle, 131; Cook v. Berry, 193 Pa. 377.

*W. M. Henderson,* for appellee, cited: Lockard v. Keyser, 18 Pa. Superior Ct. 172; Whitecar v. Supreme Castle K. G. E., 18 Pa. Superior Ct. 631; Kelber v. Plow Co., 146 Pa. 485; Kaier Co. v. O'Brien, 202 Pa. 153; Cloud v. Markle, 186 Pa. 614; Markle v. Fichter, 7 Kulp, 549; Wills v. Flanigan, 4

Lacka. Jurist, 26; Peele v. Greene, 1 Lacka. L. Rec. 405; Wagner v. Wenrich, 1 Woodward, 35; Mawhinney v. Shallcross, 10 Pa. C. C. Rep. 102; Duffy v. Kaufman, 18 Pa. Superior Ct. 362; Blauvelt v. Kemon, 196 Pa. 128; Zartman v. Spangler, 21 Pa. Superior Ct. 647; Stephan v. Hudock, 4 Pa. Superior Ct. 474; O'Brien v. Sylvester, 12 Pa. Superior Ct. 408; Bedell's Appeal, 87 Pa. 510; McConnell's Appeal, 97 Pa. 31; Babcock v. Day, 41 Legal Int. 45.

OPINION BY RICE, P. J., April 23, 1906:

This is an appeal from the discharge of a rule to show cause why a judgment, entered in 1900 in favor of Thomas J. C. Ripple against Benjamin F. Ripple upon a judgment note signed by the latter, should not be opened. The rule was granted upon the petition of a purchaser from defendant therein of land which was bound by its lien. The deed under which he holds was delivered on January 13, 1904. The respondent, by whom the application to open was opposed, claimed under an undated written assignment of the judgment, not filed of record until August, 1904, but alleged in his testimony to have been delivered on or about January 2, 1904.

In support of the allegation that the judgment was paid by the defendant before the assignment, the petitioner adduced the testimony of the defendant to the effect that on or about January 2, 1904, the respondent being present and cognizant of all that took place, he, the defendant, assigned to the plaintiff his one-third interest in the coal and lumber business of Puckey & Co., in which they were partners, in full discharge of all indebtedness from the former to the latter including this judgment; that the total indebtedness amounted to about $1,600; that the plaintiff paid him in addition $600 in cash; and that this partnership interest was worth from $2,200 to $2,500. He further denied any knowledge on his part of the assignment of the judgment to the respondent. The petitioner adduced other testimony to the effect, that on January 7, 1904, in response to an inquiry made by his attorney in the course of his investigation of the title before the consummation of the agreement under which the land was conveyed to the former, the plaintiff admitted that the judgment had been paid; and the plaintiff, while claiming that his recollection of what was

said was indistinct, admitted in his testimony that he might have said to the attorney that the defendant owed him nothing at that time.    He was unable to state whether the assignment of the judgment to the respondent was delivered before or after this interview with the petitioner's attorney : but there seems to be no dispute as to the fact that the transfer to the plaintiff of the defendant's one-third interest in the partnership had been made before the date of this interview.

In his answer to the petition, the respondent averred " that a short time before the assignment of said judgment to him, he, the respondent, paid out the sum of over seven hundred dollars ($700) to the said Thomas J. C. Ripple's use for which he assigned to your respondent the judgment mentioned." But his testimony taken on the rule to open was to the effect, that in December, 1903, the defendant had transferred to him his interest in the partnership in consideration of a prior indebtedness of $200, and his indorsement of the defendant's note for $500 which he subsequently paid ; that as part of the negotiations between him the plaintiff and the defendant on January 2, 1904, he, the respondent, assigned to the plaintiff this one-third partnership interest in consideration of the plaintiff's assignment of the judgment to him, and that, according to his best recollection, the latter assignment was then and there drawn and delivered.

The plaintiff, who was called as a witness by the respondent, gives a somewhat different version of the transaction.    Briefly it amounts to this : that he held a deed of certain property of the defendant as security for the latter's indebtedness ; that in the negotiations which resulted in the defendant's transfer of his partnership interest to him it was understood and agreed that the plaintiff should deed the property above referred to to the respondent, to be held by him as security for the latter's claim of $700 against the defendant; that subsequently he received instructions from the respondent to make the deed to the defendant instead of the respondent, which he did; that the assignment was sent to him by mail about the same time and that he signed and returned it to the respondent, in lieu, as he understood, of the deed he was to make to the latter. We quote from his testimony in chief: " I transferred it "— the judgment—" with that understanding, that it was given

as collateral security for a $700 loan that Mr. Owens had advanced to Mr. Ripple," the defendant. It is true, in one part of his testimony he said that his understanding was that the interest in the coal yard was transferred to him in consideration of his assignment of the judgment to the respondent, but upon re-cross-examination he adhered to his original statement as shown by the following extracts from his testimony : " Q. Do you know at the time you made that assignment that the consideration for that assignment by you to Mr. Owens was the relinquishing of Mr. Owens' claim to that property in Orbisonia ? A. I did not know it, but I suppose so. Q. When you assigned that judgment, did you know anything about it other than that the paper was sent to you for assignment ? A. I knew that the property in Orbisonia was to be deeded to Mr. Owens as security on his loan, and when he refused in the first place to give up his deed and then relinquish it, I suppose this assignment was in lieu thereof ; he told me so and I supposed it. Q. Who told you ? A. Mr. Owens." Again he says : " All I know is, Mr. Owens was to have the deed for the property in Orbisonia for his $700, and I understood that this judgment, when I assigned it, when I was instructed to deed the property back to Mr. B. F. Ripple, I understood this judgment I assigned was in lieu of that deed I was to make to Mr. Owens."

It will be seen from the foregoing recital that the testimony as to the material facts is seriously in conflict, and that the conflict involves the credibility of the witnesses. It is apparent, however, that the testimony in support of the petitioner's contention that the judgment was paid by the defendant by the transfer of his partnership interest to the plaintiff was sufficient in quantity and quality to warrant the opening of the judgment under the well-settled rule governing such applications, and to warrant the submission of that question of fact to the jury. The testimony of the plaintiff himself is entirely reconcilable with such a finding. And if the fact be that the judgment was paid in that way, the burden of proving that by a subsequent agreement, to which the defendant assented, it was assigned to the respondent in lieu of the deed, rested upon the latter. It may well be that the plaintiff assigned the judgment in good faith, assuming from what the respondent told him that the assignment was to take the place

of the deed, but if the assignment was an afterthought, it was ineffectual to give life to the judgment unless the defendant assented to it: Waters v. Largy, 5 Rawle, 131. Hence, if the case rested here, we should be unable to agree with the conclusion that the fact that the " judgment was assigned to G. L. Owens in good faith and for a much larger amount than the judgment calls for "—this being the sole reason specifically assigned by the learned judge below—would be a sufficient reason, standing by itself, for discharging the rule.

But the case does not rest here. We have alluded to the testimony of the petitioner's attorney and the testimony of the plaintiff as to what occurred at their interview at the time, January 7, 1904, the former was investigating the title to the land in question and the incumbrances against it. Six days later the defendant, the respondent and the petitioner's attorney met in the office of the latter. It appears that the defendant was indebted to the petitioner, and that the purpose of the meeting was to settle and discharge the latter's claims. Mr. Nolin, who had the interview with the plaintiff above referred to, testifies that at the meeting on January 13 he said to the defendant and the respondent, who was acting as the defendant's attorney, that he found this judgment unsatisfied of record, and that the plaintiff had told him the defendant had paid it, but he, the plaintiff, had neglected to satisfy it of record ; that in response to this statement the defendant and the respondent said that his report of the condition of the property was correct, and that it was not incumbered except by the McMurtrie mortgage, and that upon this understanding the transfer was closed by the acceptance of the deeds delivered by the defendant in satisfaction of the indebtedness from him to the petitioner. The testimony of this witness is corroborated in every material part by that of his associate attorney and that of the defendant, but, so far as it relates to the judgment in question, and his acting as the defendant's attorney, he is contradicted by that of the respondent. If the facts as to what occurred at this meeting be as testified to by the three witnesses above mentioned, not only is the defendant's allegation that he paid the judgment by the transfer of his partnership interest very strongly corroborated, but it would be grossly inequitable to permit the respondent to hold and enforce the

judgment against the land acquired by the petitioner, who accepted the conveyance in satisfaction of his claim against the defendant, and has expended money in discharge of interest accruing upon the McMurtrie mortgage. But it is argued that an application to open a confessed judgment is addressed to the equitable power of the court, that the court is not bound in every case where there is a conflict of evidence to open the judgment and send the case to a jury, even though the evidence adduced by the applicant fulfills the requirements of the two witness rule, and that where the court below has refused to open the judgment the appellate court will, as a rule, only determine whether the discretion of the court below has been abused or improperly exercised. We fully recognize the rules upon that subject established by numerous decisions, and have no disposition to depart from them in this case. They do not go so far as to prevent reversal where the evidence in support of the application strongly preponderates, and the opinion filed tends to show that the decision was not based on the whole case, but that the application was refused for a reason which, standing by itself, is not a bar to the relief sought: Heist v. Tobias, 182 Pa. 442; Italo French Produce Co. v. Thomas, 28 Pa. Superior Ct. 293. See also Kelber v. Pittsburg Nat. Plow Co., 146 Pa. 485; Cloud v. Markle, 186 Pa. 614; Kaier Co. v. O'Brien, 202 Pa. 153.

The order is reversed at the costs of the appellee, the rule to show cause why the judgment should not be opened, and Charles E. Succop, the terre-tenant and petitioner, be permitted to defend, is reinstated, without prejudice, however, to any right the legal or use plaintiff may have to proceed upon the judgment against the defendant therein, and as thus modified is made absolute. It is further ordered that an issue, to be tried before a jury, between the use plaintiff and the petitioner for the rule be framed by or under the direction of the court below; and the record is remitted with directions to carry the foregoing order into effect.