## Michigan Ammonia Works *v.* Ellk, Appellant.

*Promissory notes—Defense—Judgment—Payment.*

Where a judgment is entered for want of an affidavit of defense in an action on a promissory note, such judgment should be opened even after the term at which it was entered may have expired, where the evidence tends to show that the defendant was an accommodation indorser for a corporation, that the note was given by the corporation for merchandise purchased, and that the plaintiff agreed to take back the merchandise and surrender the notes, and that it did in fact take back the merchandise, but refused to surrender the notes, brought suit on the same, and secured the judgment in question.

Argued April 13, 1911. Appeal, No. 63, April T., 1911, by defendant, from order of C. P. No. 4, Allegheny Co., Fourth Term, 1909, No. 426, discharging rule to open judgment in case of Michigan Ammonia Works v. William Ellk. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rule to open judgment.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was order discharging rule to open judgment.

*Frederick L. Kahle,* for appellant.—The plaintiff having received a full and complete payment for the notes in question before suit was brought, the court should have opened the judgment and let the defendant into a defense. There is no limitation to the time to the power of the court to open a judgment by default for want of appearance or plea or affidavit of defense: Riegel v. Wilson, 60 Pa. 388. Breden v. Gilliland, 67 Pa. 34.; Com. v. Howard, 11 W. N. C. 81.

*James A. Woods,* for appellee.

OPINION BY MORRISON, J., June 13, 1911:

William Ellk, appellant, was a stockholder in the Wooster Gas Company of Wooster, Ohio; said gas company purchased from the Michigan Ammonia Works, appellee, an ammonia plant for about $3,000, giving in payment therefor, one-half in cash, and the balance in two notes amounting to $1,500, indorsed by the appellant. Subsequently the said gas company was forced into bankruptcy and the said ammonia plant was sold by the trustee in bankruptcy to one, M. J. Buck, he being a stockholder in the said Wooster Gas Company. Thereafter the appellee made a written proposition, in substance, that it would receive the plant in satisfaction of the balance of its claim for purchase money, to wit, the amount of the said notes, and if the plant was so delivered to appellee, the notes were to be considered paid and satisfied. It seems that the plant was then in the possession of a corporation known as the Wooster Gas & Fuel Company of which the said M. J. Buck was president, and the latter accepted the proposition of the appellee and executed and delivered in the name of his corporation a bill of sale selling and conveying back to the appellee the said plant. It is contended by appellant that on receipt of the plant the appellee was to return said notes to him. He also contends that the appellee, by its servants and employees, went upon the ground at Wooster, Ohio, and dismantled the said ammonia plant and took and carried away all of it, except two tanks which were buried in the ground, and these the appellee neglected and refused to remove. The appellee brought suit on the said notes and on October 21, 1909, obtained judgment by default for want of an affidavit of defense for the sum of $1,768.50, being the amount of said notes, with interest. On February 12, 1910, appellant presented his petition to the court below asking that said judgment be opened and he be let into a defense. The court granted a rule to show cause why the judgment should not be opened, etc., and later, on hearing and argument, discharged said rule and refused to open the judg-

ment and permit the appellant to have a trial before a jury.

A careful examination of the appellant's petition and the affidavits appended thereto, the written offer of the appellee to take back the ammonia plant in settlement of its claim, the bill of sale for the plant to the appellee and the testimony taken in support of the rule to show cause, etc., fully convinces us that the learned court below erred in discharging the rule and refusing an issue to try the questions in dispute on their merits.

The judgment was taken in default of an affidavit of defense, and there is no doubt of the power of the court to open such a judgment and allow the appellant to have a trial before a jury. Where no defense at all was made there is no limit of time when a court may open a judgment for default: Abeles v. Powell, 6 Pa. Superior Ct. 123; Corry v. Railroad Co., 10 Pa. Superior Ct. 232. A judgment by default may be opened after the term. Opening a judgment rests in the discretion of the court below and formerly this discretion could not be reviewed on a writ of error: Riegel v. Wilson, 60 Pa. 388; Breden v. Gilliland, 67 Pa. 34. But as the law now stands the discretion of the court in refusing to open a judgment is reviewable on appeal: Act of May 20, 1891, P. L. 101; Com. v. Mellet, 196 Pa. 243; Heist v. Tobias, 182 Pa. 442; Ripple v. Succop, 30 Pa. Superior Ct. 638.

As we understand the facts of this case, as gleaned from the petition, answer, affidavits and testimony, it will be unjust to permit the appellee to hold and collect the judgment which the court below refused to open. If it is true that the appellant was merely an indorser of the notes in question and that he procured a return of the ammonia plant to the appellee on the offer to receive the same and surrender the notes and that the said plant was actually received by the appellee and then the judgment in question obtained on the notes against the appellant as a result of the carelessness or incompetence of the appellant's then counsel, we are at a loss to understand why the court be-

low refused to open the judgment. We have already intimated that in our opinion the appellant made out a strong prima facie case that the notes were satisfied as above stated. But it was practically conceded at the argument of this appeal that the appellee is entitled to collect on said judgment the sum of $40.00 and interest thereon, and we are disposed to require that sum to be paid as a condition precedent to the opening of the judgment.

The learned counsel for appellee, in his oral argument at bar and his printed argument, signally failed to satisfy us of the equity and justice of his client's attempt to collect said judgment. He really only contended for the right to collect a small portion of it, except on technical grounds which should not appeal to a court sitting as a chancellor. Courts should always exercise care that their judgments for default do not become instruments of fraud.

The assignment of error is sustained and it is therefore ordered and decreed that upon payment of $40.00, with interest thereon from the date when it ought to have been paid, the rule to open the judgment will be reinstated and made absolute, and the court below is directed to cause and issue to be framed for the trial of the question of the liability of the appellant to pay said notes, or any part thereof. The costs of this appeal to be equally divided between the appellee and the appellant.

RICE, P. J., and PORTER, J, dissented.