NOTE.—See Vogt Farm Meat Products Co. v. Egan, 8 D. & C. 550.

---

## Knipper v. B. & L. E. Traction Company.

*Judgments—Adverse judgments—Striking off—Time within which application must be made—Practice, C. P.*

Where a judgment has been entered adversely in an action of trespass, a rule to strike it off must be taken before the end of the term in which the judgment was entered.

Acts of June 24, 1895, P. L. 212, and April 22, 1905, P. L. 286, considered.

Rule to strike off judgment. C. P. Erie Co., Sept. T., 1923, No. 307.

*S. Y. Rossiter*, for plaintiff; *Brooks, English & Quinn*, for defendant.

ROSSITER, P. J.—This is a rule to strike off judgments entered upon verdicts by the prothonotary. The suit in which the verdicts were obtained was an action of trespass for damages. The case was tried before Judge Criswell and a jury. The jury rendered a verdict in favor of the plaintiffs and against the defendant. A motion was made June 26, 1925, for judgment *n. o. v.*, which was denied by Judge Criswell July 6, 1925.

In filing his opinion, while Judge Criswell had previously ordered the testimony certified and filed so as to become part of the record, he did not direct the prothonotary to enter judgment.

On July 18, 1925, upon præcipe and payment of the jury fee by the plaintiffs' attorney, judgment was entered upon the verdicts by the prothonotary.

On July 30, 1925, the defendant appealed from the judgments to the Superior Court. On March 4, 1926, or more than seven months afterwards and while the appeal was pending in the Superior Court, the defendant came into this court and moved the court to set aside the judgments, for the reason that they were not entered in compliance with the Act of April 22, 1905, P. L. 286; and afterwards, on March 15, 1926, went into the Superior Court and discontinued the case in that court.

There is no complaint that the plaintiffs were not entitled to their judgments at the time they were entered, nor that the amounts for which they were entered were incorrect. The defendant contends that the judgments are irregular, for the reason, as above stated, that they were not entered in compliance with the 1st section of the body of the Act of April 22, 1905, P. L. 286.

The plaintiffs contend:

1. That the judgments were regularly and legally entered.

2. That if they were not regularly and legally entered, the defendant is estopped from denying that fact after so long a lapse of time and after having taken an appeal from them to the Superior Court and after the term of the court at which they were entered had passed.

The Act of April 22, 1905, P. L. 286, reads as follows:

"An act authorizing the courts of this Commonwealth to certify the evidence and enter judgment upon the whole record whenever a request for binding instructions has been reserved or declined by the trial judge, and authorizing appeals from the judgment so entered, and the entry of the proper judgment in the Supreme or Superior Court.

"Section 1. Be it enacted, etc., That whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment *non obstante veredicto* upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence and to enter such judgment as should have been entered upon that evidence, at the same time granting to the party against whom the decision is rendered an exception to the action of the court in that regard. From the judgment thus entered either party may appeal to the Supreme or Superior Court, as in other cases, which shall review the action of the court below and enter such judgment as shall be warranted by the evidence taken in that court."

"The title is part of the act and aids, if need be, in its construction: Halderman's Appeal, 104 Pa. 251; Moore v. Water Co., 216 Pa. 457."

It will be observed that by the title to the act the court is "authorized" to certify the evidence and enter judgment, while the body of the act recites that it shall be his "duty" *nigrum numquam excedere debet rubrum.* "The prothonotary was originally puisne judge of the court, and he still exercises many judicial functions. After the expiration of four days, . . . the party is entitled to have judgment signed in the office of the prothonotary. The power is specially conferred upon this officer by the Act of April 14, 1834, § 77, P. L. 355:" 2 T. & H. Practice, 1018. It has been held that: "Where a judgment has been entered adversely after a hearing or trial, it is settled that the application to open or vacate or for a rehearing must be made before the end of the term at which the judgment was entered:" McCready v. Gans, 242 Pa. 371; King v. Brooks, 72 Pa. 363; Breden v. Gilliland, 67 Pa. 37; Catlin v. Robinson, 2 Watts, 379. See, also, 6 Watts, 511; 9 Casey, 485; and 1 P. F. Smith, 187.

By the Act of June 24, 1895, § 8, P. L. 212, the Superior Court may "affirm, reverse, amend or modify any order, judgment or decree as it may think to be just."

From the foregoing, some difficulties arise to obstruct the defendant's motion. First and foremost among them is that it does not appear how, even if the word "duty" in the body of the Act of 1905 is to be taken as controlling over the word "authorized" in the title, and the court, therefore, was remiss in its duty under this act of assembly, that fact could deprive a plaintiff of his rights under another and different act of assembly, when neither is designed as an exclusive method and the latter does not repeal the former; but, in any event, these judgments were entered adversely, and there was no move made to disturb them until the term at which they had been entered had passed. Hence, if this was the only reason, the defendant's motion would have to be denied; for this court is without power to grant it, even though we were of the opinion that defendant was entitled to the relief sought (which we are not), as judgments have been entered in this court in the same manner that these judgments were entered since time immemorial; and the power, if this judgment was erroneously entered, to reverse, amend or modify it, is confided at this time to the Superior Court by the Act of 1895, and not to this court.

The motion or rule to strike off the judgment is, therefore, now, April 6, 1926, denied.