## Ressler, Exec., v. Brown et ux.

*W. Irvine Wiest* and *J. M. Robbins*, for plaintiff.
*L. G. Rarig*, for defendants.

KREISHER, P. J., March 18, 1941. — On August 13, 1940, plaintiff, William H. Ressler, executor of the estate of Joel Reabuck, late of Rush Township, Northumberland County, Pa., deceased, filed in the office of the prothonotary at Danville, Montour County, Pa., the following papers: A mortgage bond executed by William O. Brown and Emma E. Brown in the penal sum of $4,000,

conditioned to pay the sum of $2,000 within three years from May 16, 1927, the date of the bond. Attached to the bond was an averment of default in the following form:

"State of Pennsylvania⎫ss:
  County of Northumberland⎭

William H. Ressler, being duly sworn according to law, deposes and says that he is the executor of the estate of Joel Reabuck, late of Rush Township, Northumberland County, Pennsylvania, deceased, and that the said Joel Reabuck at the time of his decease was the owner and holder of the bond and warrant of attorney herewith filed, and that the said William O. Brown and Emma E. Brown, his wife, the defendants above, and the obligors in the bond and warrant of attorney herewith filed, have failed to pay the amount of said bond and mortgage within three years from the date of said mortgage bond and the mortgage given therewith, or on or before May 16, 1930, and that there is now due and owing on the said bond and mortgage the sum of twelve hundred ($1200.00) dollars plus interest at the rate of 5% from May 29, 1939, and attorney's commission of 10% and costs of suit; all of which the said William H. Ressler deposes and says is true and correct to the best of his knowledge and belief.

WILLIAM H. RESSLER.

Sworn to and subscribed before
  me this 6 day of August,
  A. D. 1940.

FLORENCE E. BOYER, *Notary Public.*
My Commission Expires Jany. 19, 1943."

Also a confession of judgment by J. M. Robbins, attorney for William O. Brown, in the following form:

"To ALFRED V. JACOBS, PROTHONOTARY OF SAID COURT:

Now, August 7, 1940, in and by virtue of the power contained in the within attached bond and warrant, given by William O. Brown and Emma E. Brown, his wife, to Joel Reabuck, whose death, and the appointment of Wil-

liam H. Ressler, as executor of his estate, is hereby suggested, I appear for the said defendants, therein named, and confess judgment against them in the sum of four thousand ($4,000.00) dollars, with costs of suit, waiver of inquisition and exemption, together with an attorney's commission of 10%, and assess plaintiff's damages sec. reg.

J. M. ROBBINS
Attorney for Defendants."

Also a præcipe for judgment for the penal sum of $4,000 and 10 percent attorney's commission of $400. Upon which the prothonotary of Montour County entered judgment to no. 92, September term, 1940, in favor of William H. Ressler, executor of the estate of Joel Reabuck, deceased, v. William O. Brown and Emma E. Brown for the sum of $4,400.

Upon this judgment a writ of fi. fa. was issued to the sheriff on August 31, 1940, for the sum of $1,200, with interest from May 29, 1939, which writ was stayed on September 26, 1940, and an alias writ issued same date upon which defendant's real estate was advertised for sheriff's sale.

On October 1, 1940, counsel for defendants presented a petition to the court and obtained a rule to show cause why the proceedings on said writ should not be stayed and the judgment stricken from the record. Before the return day of the rule counsel for defendants filed a second petition on which a rule was granted to show cause why the judgment should not be stricken off. The second petition goes into great length and sets up a defense to the judgment, averring that there was due on said bond only the sum of $8 and a small amount of interest, and that tender of the amount was made to plaintiff, but that same was refused. Both petitions set forth the same reasons for striking off the judgment. They are:

"First: That there should have been filed a certificate showing the date of the death of Joel Reabuck and his place of residence at the time of his death.

"Second: That a certificate from the Register of Wills of Northumberland County showing the appointment of William H. Ressler, as executor of the estate of Joel Reabuck, deceased, and that he was acting as such on the date judgment was entered, should have been filed.

"Third: That a certified copy of the will of Joel Reabuck, deceased, should have been filed for the purpose of showing whether or not the said mortgage and bond had been bequeathed to anyone."

It is most earnestly contended by counsel for petitioners that, because the aforementioned certificates and copy of the will were not filed at the time judgment was entered on the bond, the judgment should be stricken off. The judgment entered to no. 92, September term, 1940, in the Court of Common Pleas of Montour County appears: "William H. Ressler, Executor of the Estate of Joel Reabuck, deceased, v. William O. Brown and Emma E. Brown in the sum of $4400."

There is no question that an executor is the personal representative of the testator and the proper plaintiff in an action instituted on behalf of the estate of the testator.

"There was therefore upon the record a plaintiff who properly represented the estate of the decedent, who was the original holder of the note. There is no question that he was the proper party. If suit had been brought on the note, ignoring the warrant, it would have been in his name as administrator of the deceased payee. Under these circumstances, we see no merit in the contention of the defendant that the failure to suggest the appointment of Ankeny as administrator at the entry of the judgment prevents recovery:" Ankeny, Admr., v. Lohr, 99 Pa. Superior Ct. 203.

At the time judgment was entered on the bond in this case an affidavit by the executor, William H. Ressler, setting forth that Joel Reabuck had been a resident of Rush Township, Northumberland County, Pa., and was deceased, and that he was the executor of Joel Reabuck's estate, was filed. This statement is also suggested in the

confession of judgment by J. M. Robbins as attorney for defendants. So that at the time judgment was entered on the bond there was some proof of the death of Joel Reabuck, and that William H. Ressler was the executor of his estate, filed.

Under the circumstances, we believe this case comes within the rule laid down by Chief Justice Sharswood in Breden v. Gilliland, Exec., et al., 67 Pa. 34, 37, where it was said:

"Opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face. If there was a fact which ought but did not appear of record, which would render it irregular . . . that fact should have been put upon the record by an amendment *nunc pro tunc*."

In Giles v. Ryan et al., 317 Pa. 65, 68, Justice Maxey said:

"A judgment cannot be vacated or stricken off except for defects apparent on the face of the record (King v. Brooks, 72 Pa. 363; Johnson v. Royal Ins. Co., 218 Pa. 423 . . . Wilson v. Vincent, 300 Pa. 321 . . . ) or unless a fact which renders it irregular is placed upon the record by an amendment nunc pro tunc (Breden v. Gilliland, supra)".

In Wilson v. Richard, 298 Pa. 17, there was a rule to strike off the judgment entered upon a copy of a note, and the original note had not been filed. The court said (p. 19):

"To save an honest judgment the court of error will receive the warrant of attorney at any time before the final decision . . . Here the court below finds as a fact that 'The original note . . . was presented to the court at the hearing [of the rule to strike off the judgment] and is made a part of the records hereof."

From the foregoing authorities we are of the opinion that this judgment should not be stricken off, but that plaintiff should file a certificate from the Register of Wills of Northumberland County showing that William

H. Ressler was the acting executor of the estate of Joel Reabuck, deceased, at the time the judgment was entered. This certificate is to be filed nunc pro tunc.

We are not unmindful of the fact that the courts of Pennsylvania have held that a party who is called upon to respond to a demand made upon him by a stranger to the original cause of action, on the ground of an authority conferred upon him, is entitled to know whether plaintiff has authority to sue, and have therefore held that profert of plaintiff's letters is essential to every action brought by an administrator or executor, and the want of it is fatal on special demurrer. See 13 Standard Pa. Practice, p. 230.

But it is well settled that where an action is brought by an executor or administrator, if during the trial he offers in evidence the profert of letters, he is entitled to recover.

Counsel for petitioners contends a certificate of death of Joel Reabuck should have been filed showing the date of his death. We do not think this is material, providing William H. Ressler was still acting as his executor at the time judgment was entered.

Counsel also contends a certified copy of the will should have been filed, to show whether or not the mortgage securing the bond had been bequeathed to anyone. We do not think this is material, for suppose the mortgage had been bequeathed to defendants or to any other person, if the estate would be insolvent the bequest would fail. An executor must comply with the will and the law, and it might furnish a basis for opening the judgment. So we can see no merit in this contention for striking off the judgment.

Complaint is made in the second petition that judgment was entered for the full amount of the bond, including attorney's commission of 10 percent, and it is alleged that there is due on said bond only $8 with a small amount of interest. Such averments would not support a rule to strike off, but might support a rule to open the judgment and let defendants into a defense.

" 'A motion to . . . strike off a judgment must be on the ground of irregularity appearing on the face of the record, a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense' ": Lawrence v. Smith, 215 Pa. 534, 536.

For the reasons herein set forth, we refuse to strike off the judgment, providing plaintiff files to no. 92, September term, 1940, in the Court of Common Pleas of Montour County, nunc pro tunc, a certificate from the Register of Wills of Northumberland County, Pa., showing that William H. Ressler was the duly-qualified executor of the estate of Joel Reabuck and was still acting as such on the date of the entry of the judgment, to wit, August 13, 1940, within ten days from the date hereof. Otherwise, the rule will be made absolute on March 29, 1941.