## Humphreys *against* Rawn.

The court of common pleas has no power to set aside a judgment, confessed upon warrant of attorney, unless it be for fraud or forgery, and then only where the facts are admitted or established by a trial.

ERROR to the common pleas of *Dauphin* county.

Andrew Murry, treasurer of Dauphin county, against Charles Carson and Charles C. Rawn, Esq.

The defendants became the purchasers of an unseated lot in Portsmouth, from the treasurer at a sale for taxes. May Humphreys claiming to be the owner of the lot by his agent, Kearny

[Humphreys v. Rawn.]

Wharton, applied to the defendants for payment of the surplus money, after payment of the taxes, for which the lot was sold, and which they declined to pay, because it was not satisfactorily shown that May Humphreys had been the owner of the lot. The bond given by the defendants was then obtained from the treasurer by May Humphreys, and judgment entered upon it: whereupon the defendants made the following applications

The defendants moved the court for a rule upon the plaintiff's attorney to file his warrant of attorney by the 20th January, inst.

The defendants also moved the court to grant a rule upon the plaintiff to show cause why the judgment entered in this case, on a bond for surplus money, should not be struck from the record, for the following reasons.

1. Because the same was irregularly entered.

2. Because the same was entered without authority from, or notice to the plaintiffs.

3. Because the judgment is unauthorised by law.

4. Because it was not authorised by the person or persons who was or were the owner or owners at the time of the sale to the defendants, nor by his, her or their heirs, assigns or other legal representatives.

5. Because the warrant of attorney upon which the judgment purports to have been entered, contains no authority to enter judgment, until after one or more declarations filed.

6. Because no authorised demand of the surplus money for which the bond was given has been made of the defendants.

7. Because no authorised demand of the surplus money had been made of the defendants before the entry of judgment.

8. Because no authorised or other demand of the surplus money was made of the defendants three months prior to the entry of judgment.

9. Because the plaintiff has submitted no evidence to the defendants, that he was the owner of the lot at the time of sale, or that he was the heir, assignee or other legal representative of such owner.

10. Because the defendants have always been and still are ready to pay the surplus money to any person legally entitled to receive and receipt for the same.

11. Because the judgment is not entered for the use of the persons legally interested in the bond.

12. Because the defendants should not be subjected to the payment of costs until they shall have made default in doing that which the law requires them to do in the premises.

The defendants also move the court to grant a rule upon the plaintiffs, to show cause why all proceedings upon the judgment shall not be stayed, until he shall have produced, and if need be, filed in the cause, such reasonable evidence of his ownership, as a due regard to law and justice may require, and until he shall

[Humphreys v. Rawn.]

have satisfied the court that a lawful demand of the surplus money was duly and timely made before the entry thereof, and until he shall do such other matters and things in the premises as the law may direct.

The court below, after hearing evidence on the subject, ordered that the judgment be struck off the record.

*J. A. Fisher*, for plaintiff in error.
*Rawn*, for defendant in error.

The opinion of the Court was delivered by

HUSTON, J.—The court were mistaken in striking off the judgment in this case and in the reason given for it. If there is any case in which a court can strike off a judgment, it must be a very special case, as of fraud or perjury, or of a judgment entered on a cancelled bond, or some such case, and then only where the facts are admitted or established on a trial. The court may open a judgment, or direct an issue to ascertain whether any thing is due, or direct an issue to decide who is entitled to the money, where that is disputed.

If a person shows or proves a right to land, he cannot be called upon to prove a negative and impossibility—if so, no man could prove it, and no person could recover in ejectment.

That May Humphreys did not pay the taxes is evidence, sometimes, of negligence, and where there is an actual adverse possession, may be evidence of abandonment—but in a much stronger case, and one in which an adverse claimant had paid the taxes twenty years or more on a vacant lot, the plaintiff recovered on a title forty years old, there never having been any actual adverse possession. 4 *Whart.* 294.

The judgment must be restored, and if the defendants can lay any ground for it, the court of common pleas may direct an issue as to the right of May Humphreys to this money. There is not on this record any colour of reason why the defendants should not pay it to whoever is the owner.