## O'Hara *versus* Baum.

1. Judgment under a rule of court was entered by the prothonotary upon counsel's præcipe, against O'H., in default of notice of affidavit, specification and statement of defence. The affidavit of O'H. was not a specification of set-off and statement of defence, but a total denial of liability upon the mortgage sued upon. On motion, the court refused to strike off the judgment. *Held*, to be error.

2. A *motion to set aside or strike off a judgment must be on the ground of irregularity* appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court, to let the defendant into a defence.

October 13th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: No. 137, of October and November Term 1876.

This was a scire facias upon a mortgage issued by A. F. Baum, to the use of S. P. Fulton, against Michael O'Hara and Frances A., his wife.

Rule 5th of the court below is as follows :—

"Sect. 1. The plaintiff shall file, with or before his declaration, a specification of the items of his claim, and a statement of facts necessary to support it, verified by affidavit, to which the defendant shall, within the time hereinafter specified, file an answer, verified by affidavit, and such items of the claim and material averment of the fact as are not directly and specifically traversed and denied by the answer shall be taken as admitted.

"Sect. 2. If the specification and statement be filed with the præcipe they shall be treated also as an affidavit of claim, and the defendant shall, without further notice, file his answer thereto within the time required for filing an affidavit of defence, which answer shall be treated as an affidavit of defence. If the specification and statement be not filed with the præcipe, the plaintiff

[O'Hara v. Baum.]

shall, within ten days after filing the same, notify defendant thereof, and the defendant shall, within ten days after notice, file his answer thereto.

" Sect. 3. This rule shall apply to a specification of set-off and statement of defence filed by the defendant, who shall, within ten days after filing the same, notify the plaintiff thereof, and the plaintiff shall, within ten days after notice, file his reply thereto, verified by affidavit.

" Sect. 4. If the plaintiff fails to comply with any of the requirements of this rule, judgment of non pros. shall be entered against him by the prothonotary ; and if the defendant fails to comply with any of the requirements thereof, the plaintiff shall be entitled to judgment against him as for default of a plea and affidavit of defence."

In pursuance of the foregoing rule, Fulton, the assignee of the mortgage, filed this affidavit of claim :—

" Personally came S. P. Fulton, who, being sworn according to law, deposes and says : that the said defendants are justly and legally indebted to him in the sum of $15,000, arising as follows, to wit : the said defendants, M. O'Hara and Frances A. O'Hara, his wife, did on the 20th day of August 1871, execute and deliver to A. F. Baum a certain mortgage upon portions of their real estate for the sum of $15,000, conditioned that the said O'Hara and his wife, and their heirs, &c., should keep the said A. F. Baum harmless, and save him harmless from any loss or damage from or on account of endorsements made by him of certain notes of the said M. O'Hara amounting to $15,000, and the said O'Hara has failed to pay and lift said notes, or secure the payment thereof, whereby the said Baum has been compelled to pay large sums of money due upon said notes, and has been repeatedly sued and judgments have been recovered against him upon said notes, and the said O'Hara has utterly failed to protect him against said endorsements, whereby the said Baum has been compelled to pay out money and sustained losses to the amount of $15,000, and the said defendants have thereby become liable to pay him or his assigns the said sum of $15,000 upon said mortgage. And the said Baum did on the 23d day of May 1873 assign said mortgage and all moneys secured thereby to deponent for value received. Deponent is therefore justly and legally entitled to collect from said defendants the full amount of said mortgage, to wit, $15,000, with 5 per cent. attorney's commission thereon for collection."

On the 11th of July 1874 the following affidavit of defence was filed :—

" Personally appeared, Frances A. O'Hara, defendant, who being duly sworn, says : That as she believes, is informed and expects to prove, there is nothing due the plaintiff on his mortgage for any

1 Norris—27

[O'Hara *v.* Baum.]

purpose whatever, according to the terms thereof, and that the defendants are entitled without any payment to have the same marked satisfied on the records thereof; that as deponent is informed and expects to prove, said S. P. Fulton does not hold said mortgage for value, but as a cover for said A. F. Baum. All of which is true to the best of her knowledge and belief."

On the 16th of September 1874, the counsel of Baum directed the prothonotary to enter judgment in accordance with the above rule against Michael O'Hara in default of appearance and affidavit of defence, and against Frances O'Hara, his wife, in default of notice of affidavit, specification and statement of defence for sum due liquidated, to wit: $15,946.87, which was a principal debt of $15,000, interest and 5 per cent. attorney's commission.

On the same day judgment was entered against defendants in default for the above amount.

On the 31st of October 1874, on motion of defendants' counsel, a rule was granted on plaintiff to show cause why this judgment should not be stricken off, proceedings meantime to stay, which rule after argument the court discharged on the 2d of December 1874.

The errors assigned in this case were to this order of the court, and that the judgment entered was irregular and void.

It appeared, however, that afterwards, on the 2d of January 1875, a commissioner was appointed to take testimony, who made a report on the 18th of April 1876, to which exceptions were filed on the 28th of the same month, and on the 6th of May this entry was made upon the record by the court: "May 6th 1876, on argument list, and exceptions to commissioner's report dismissed, and rule granted, October 31st 1874, to show cause why judgment should not be stricken off, &c., discharged."

These proceedings are thus set forth to make intelligible the observations thereon in the opinion of this court.

*M. A. Woodward*, for plaintiffs in error.—The only question here is whether the plaintiff was entitled to notice of our affidavit of defence, and therefore to judgment in default of notice. Our defence is intended to be and is a simple denial of the whole of plaintiffs' claim. It is not a defence by way of set-off or avoidance of the plaintiffs' claim, and not being such, there is no known rule or authority for entering judgment for want of notice: Gannon *et al. v.* Fritz, Pittsburgh L. J. (N. S.), vol. 6, No. 25, p. 100. The question of the sufficiency of our affidavit is not raised, and can only be raised under the rules of court upon a rule for judgment for insufficiency, with notice to the other side and reasons filed.

*A. M. Brown* and *S. P. Fulton*, for defendant in error.—The judgment is regular and authorized by the rules of court. Michael O'Hara made no pretence or attempt to answer or defend. Mrs.

O'Hara did file an answer, but not such either in form or substance as required by the rules. Her affidavit does not exhibit any notice, specification or statement of defence, or denial of any material fact in plaintiffs' affidavit of claim.

· Mr. Justice SHARSWOOD delivered the opinion of the court, October 23d 1876.

It is impossible, we think, to sustain the judgment below against Frances O'Hara. It was entered by the prothonotary upon the plaintiffs' præcipe against her " in default of notice of affidavit, specification and statement of defence." It is not a judgment for want of a sufficient affidavit of defence, but under sections 3d and 4th of rule 5th of the court below. The affidavit of Mrs. O'Hara was not a specification of set-off and statement of defence, but a total denial of liability upon the mortgage sued upon. It was not a case, therefore, within that rule, as was decided by this court in Gannon et al. v. Fritz, 6 Pittsburgh Law Jour. (N. S.) 100. Concede that the affidavit was insufficient, Mrs. O'Hara was not heard below on that question, and it may be that if she had been she would have put in a supplemental affidavit. It is clear that we cannot hold the judgment valid on that ground.

With the subsequent proceedings in the cause we have nothing to do. They are certainly, to say the least, very anomalous. On the 31st October 1874 a rule was granted, whether on behalf of Mrs. O'Hara or of both defendants is not stated, to show cause why the judgment should not be stricken off. It seems by the record that, December 2d 1874, that rule was discharged. No rule was taken to open the judgment and let the defendants into a defence. Yet, on the 2d January 1875, a petition by Michael O'Hara, against whom judgment for want of appearance and affidavit of defence had been taken at the same time with that entered against Mrs. O'Hara, and which stood unimpeached, was presented praying an order of the court to enable the defendants to take testimony to show what was due, if anything. On the same day a commissioner was appointed to take testimony and report the facts to the court. In the order he is said to be appointed to take testimony "in discovery of the amount for which the plaintiffs are entitled to judgment." His report was afterwards made and exceptions filed. May 6th 1876, the exceptions were dismissed, and the rule, granted October 31st 1874 (which, as we have seen, had been before discharged), was again discharged. It would not be just to charge these irregularities on the learned court below. They may have been led to believe that the rule of October 31st 1874 was a rule to open the judgment, and had not been disposed of. It is true that in proceedings upon a recorded mortgage there is not much practical difference between striking off and opening a judgment. The judgment in such cases neither creates nor continues the lien. It is nevertheless important

to observe the distinction in practice in all cases. A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defence. In any aspect of the case, however, we can see no good reason why these proceedings should be regarded as any waiver by Mrs. O'Hara of the irregularity of the judgment against her.

The judgment against Michael O'Hara is affirmed. The judgment against Frances O'Hara is reversed, and *procedendo* awarded.