## Lawrence, Appellant, v. Smith.

*Judgment—Striking off judgment—Opening judgment—Mortgage—Scire facias.*

Where the record of a scire facias sur mortgage shows a service upon the defendant, and the entry of a judgment for want of an appearance, the court cannot by a petition filed by the executors of the defendant, averring the death of the defendant about five months prior to the entry of judgment, strike off the judgment. In such a case, as the judgment is regular upon its face, it cannot be striken off. The proper remedy is a rule to open the judgment.

The distinction between striking off and opening a judgment is clear and absolutely settled. A motion to set aside or to strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense.

Argued Jan. 30, 1906. Appeal, No. 304, Jan. T., 1905, by plaintiff, from order of C. P. Montgomery Co., March T., 1905, No. 166, striking off judgment in case of William P. Lawrence v. Bernard Smith. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Scire facias sur mortgage.

Rule to open judgment. Before WEAND, J.

The writ was issued April 11, 1903, returnable May 11, 1903, and was duly served upon the defendant, who was mortgagor and real owner.

On April 17, 1905, judgment was entered against the defendant by default for want of an appearance.

On May 15, 1905, the executors of the defendant presented a petition averring that defendant had died on November 30,

1904 (about five and one-half months before the entry of judgment, and a little over a year and a half after the return day of the writ which was served upon him), asking to have the judgment and all proceedings thereon stricken off, because the said Bernard Smith was dead at the time the judgment was entered, and the petitioners were not made parties to the action.

On this petition a rule was granted to show cause why the judgment should not be opened, and later a rule to strike off.

After argument the court made the rule to strike off absolute.

*Error assigned* was the order of the court striking off the judgment.

*Neville D. Tyson*, with him *L. L. Smith*, for appellant.—The judgment was regular on its face and could not be stricken off: Warder v. Tainter, 4 Watts, 270; Hartman v. Ogborn, 54 Pa. 120; Hopkins v. Weigglesworth, 2 Lev. 38; Taylor v. Young, 71 Pa. 81; Breden v. Gilliland, 67 Pa. 34; Adams v. Grey, 154 Pa. 258; North v. Yorke, 174 Pa. 349; Bradshaw Electro Sanitary Odor Co. v. Bradshaw, 27 Pa. Superior Ct. 196.

*W. Henry Sutton*, of *W. Henry Sutton & Son*, for appellee.— The practice in the court of common pleas in the county of Philadelphia, as well as other counties, has been to set aside a fi. fa. and strike off judgment where the defendant is dead: England v. Kelly, 3 W. N. C. 156; Gordon v. Bartley, 4 W. N. C. 37; Warder v. Painter, 4 Watts, 270. This practice is also approved in the Superior Court in the case of: Stevenson v. Virtue, 13 Pa. Superior Ct. 103.

The judgment was entirely irregular, but the record upon its face was free from error and the petitioners had but one course to pursue, which was to present their petition to the court below setting forth the facts and praying that the judgment be stricken off; see also Sleeper v. Hickey, 26 Pa. Superior Ct. 59. Hurst v. Fisher, 1 W. & S. 438, shows the old practice to have been by plea of abatement: Lanning v. Pawson, 38 Pa. 480.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 24, 1906:

The only question really involved in this case is the technical one of the form of the remedy. The judgment having been entered after the death of the defendant was voidable, but the fact of the death not appearing on the record the judgment was regular on its face and could not be struck off on rule. The law is correctly stated in the opinion of the learned judge below, but it was technically misapplied in striking off the judgment. The distinction between striking off and opening a judgment is clear and absolutely settled: "It is true that in proceedings upon a recorded mortgage there is not much practical difference between striking off and opening a judgment. The judgment in such cases neither creates nor continues the lien. It is nevertheless important to observe the distinction in practice in all cases. A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record, a motion to open it is an appeal to the equitable power of the court to let the defendant into a defense." SHARSWOOD, C. J., O'Hara v. Baum, 82 Pa. 416. And by the same judge in Breden v. Gilliland, 67 Pa. 34 "opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face. If there is a fact which ought but did not appear of record, which would render it irregular—as for example as is alleged here, a point of law reserved at the trial—that fact should have been put upon the record by an amendment nunc pro tunc." By the expression that a fact which ought but did not appear of record should be put upon it by amendment nunc pro tunc, the court meant a fact which could regularly, be the subject of amendment by the case as it was at the time of judgment, a fact which though not on the record could be regularly put there on the basis of something that was really a part of the record though omitted. Thus in that case there was judgment on a verdict for plaintiff but the court struck it off as was claimed, by virtue of a point reserved at the trial. This court held that the striking off was irregular because the omitted part of the true record was not put on by amendment before the striking off. It was not intended to suggest that a new fact, not only dehors the record, but in pais could be put on record by amendment nunc pro tunc in order to sustain the

striking off of a judgment which without such fact was regular. This has always been the rule. Thus in Adams v. Grey, 154 Pa. 258, it appeared by depositions at the hearing of the rule that the defendant was a married woman at the time the judgment was entered, and the court struck it off, but this was held to be error.

The rule to strike off being for irregularity apparent on the face of the record is in the nature of a demurrer to the record: North v. Yorke, 174 Pa. 349.

There are cases where the distinction has apparently been disregarded, but they will all be found to be cases where the facts which would constitute an irregularity in the judgment were undisputed, and the form of the remedy was unimportant. But, as said in O'Hara v. Baum, " it is nevertheless important to observe the distinction in practice in all cases." As an illustration let it be supposed that the date of defendant's death in the present case was disputed, no one would claim that the court had any power to strike off the judgment summarily on a rule, yet the regularity of the judgment on its face would be no greater than it is now. But whether or not all the cases can be reconciled with it, " the rule as stated in O'Hara v. Baum, 82 Pa. 416, is the true and settled rule and will always be enforced when the attention of the court is directed to it:" Hall v. Publishing Co., 180 Pa. 561. The learned judge below after stating the general rule correctly as already said, continued " There is no denial of the time and death of Bernard Smith, the defendant, nor can his legal representatives be accused of laches. . . . As the petitioners by their subsequent petition claim to have a defense·and it appearing that the entry of judgment was erroneous, and the judgment voidable, the prayer is granted." He was thus inadvertently led into the application of the wrong remedy.

Appellant argues that a judgment on two returns of nihil habet to writs of scire facias on mortgage is a valid judgment although the defendant was dead at the time of issue of the writs and never was in actual default. Hence it is argued a fortiori that when the defendant was alive and actually served but refused or neglected to appear he was not only technically but in fact in much greater default than in the other case. Perhaps logically it would not be easy to refute this proposition,

though whether if the cases were res nova the result would be to hold both judgments good or both voidable is not beyond debate. But the answer is that the judgment on two nihils whether strictly logical or not rests on long continued practice under the statute: Warder v. Tainter, 4 Watts, 270 (274), and is too well settled to be now questioned.

The judgment is reversed with leave to the court to reinstate the rule to open.