# Exler, Appellant, *v.* American Box Company.

*Bankruptcy—Illegal preference—Judgment—Striking off judgment—Jurisdiction—Practice, C. P.*

1. In a proceeding to strike off the lien of a judgment as an unlawful preference, state and federal courts have concurrent jurisdiction under the bankruptcy act, but when relief is sought in a state court and its jurisdiction is exercised, the rules of practice as established in the courts of that state prevail.

2. The court of common pleas has no power to strike off a judgment or to strike off the lien of the judgment against real estate, because the judgment was entered within four months of the bankruptcy of the defendant, and at a time when the defendant is alleged to have been insolvent, when the fact of insolvency is denied. The court may, however, open the judgment so that a jury may pass upon the question of the insolvency of the defendant on the day that the judgment was entered.

3. It is only when the fact upon which the court is asked to strike off a judgment regular on its face, is admitted or not questioned that it may be stricken off.

4. An order declaring the lien of a judgment void and the real estate of the defendant not bound by it is in effect an order striking off the judgment.

Argued Oct. 22, 1909. Appeal, No. 147, Oct. T., 1909, by plaintiff, from order of C. P. No. 1, Allegheny Co., D. S. B.

No. 205, March T., 1908, making absolute rule to strike off
lien of judgment in case of Joseph Exler v. American Box
Company , and Th. Geiselhart, otherwise known as Theodore
Geiselhart. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN
and STEWART, JJ. Reversed.

Rule to strike off lien of judgment. Before MACFARLANE, J.
The opinion of the Supreme Court states the facts.

*Error assigned* was order making absolute rule to strike off
lien of judgment.

*John M. Freeman,* with him *D. T. Watson, Alexander Gil-
fillam* and *Harry F. Stambaugh,* for appellant.—When a
trustee in bankruptcy asks relief in a state court, the contro-
versy is determined according to the rules of procedure of the
court in which the suit is brought: Bardes v. Hawarden Bank,
178 U. S. 524 (20 Sup. Ct. Repr. 1000); Westall v. Avery, 171
Fed. Repr. 626; Andrews v. Mather, 134 Ala. 358 (32 So.
Repr. 738); Redd v. Wallace, 145 Ala. 209 (40 So. Repr. 407);
Sheldon v. Parker, 66 Neb. 610 (92 N. W. Repr. 923); Lyon v.
Clark, 129 Mich. 381 (88 N. W. Repr. 1046); Merritt v. Halli-
day, 107 N. Y. App. Div. 596; Loveland on Bankruptcy, sec.
203a.

A judgment may not be stricken off except for irregularity
appearing on the face of the record: Lawrence v. Smith, 215
Pa. 534; Hall v. Publishing Co., 180 Pa. 561; France v. Ruddi-
man, 126 Pa. 257; Davidson v. Miller, 204 Pa. 223; Steven-
son v. Virtue, 13 Pa. Superior Ct. 103.

On a rule to strike off or open a judgment, disputed issues
of the fact must be submitted to a jury: Stahr v. Brewer, 186
Pa. 623, 627; Morgan's App., 163 Pa. 195; Humphreys v.
Rawn, 8 Watts, 78; Knox v. Flack, 22 Pa. 337.

Depositions taken under a rule to strike off a judgment are
not a part of the record and will not be considered by the ap-
pellate court: Reynolds v. Barnes, 76 Pa. 427; Philadelphia v.
Jenkins, 162 Pa. 451; Stoke v. McCullough, 107 Pa. 39; Heist v.
Tobias, 182 Pa. 442; Massey v. Clarke, 3 Penny. 401.

There is no difference between striking off a judgment and declaring a lien null and void: Reynolds v. Barnes, 76 Pa. 427.

*Ralph Longenecker*, of *Gordon & Smith*, for appellee.—The lien of the judgment, not the judgment, became null and void and was deemed wholly discharged and released from the property affected thereby: In re Richard, 94 Fed. Repr. 633; Mencke v. Rosenberg, 202 Pa. 131; Clarke v. Larremore, 188 U. S. 486 (23 Sup. Ct. Repr. 363).

The lien became absolutely void, not simply voidable, and was deemed wholly discharged and released from the property affected thereby.

The proper remedy is the one that was adopted by the appellee in this case, namely, a rule to show cause why an order should not be made declaring the lien of the judgment null and void, and that the said lien was deemed wholly discharged and released from the property affected thereby: Humphrey v. Tozier, 154 Pa. 410; Blauvelt v. Kemon, 196 Pa. 128; Kelber v. Plow Co., 146 Pa. 485.

OPINION BY MR. JUSTICE BROWN, January 3, 1910:

On January 20, 1908, Joseph Exler, the appellant, entered a judgment in the court below against Theodore H. Geiselhart for $3,219.30 upon a warrant of attorney contained in a judgment note dated September 3, 1907, and payable three months after date. On March 5, 1908, involuntary proceedings in bankruptcy were instituted against Geiselhart, and on April 25, 1908, upon his having been adjudged a bankrupt, Justus Mullert was appointed trustee of his estate. On June 13, 1908, the trustee presented his petition to the court below, setting forth that at the time the judgment was entered Geiselhart was insolvent, that, having been entered within four months of the institution of the bankruptcy proceedings, its existence and enforcement would work a preference in violation of the bankruptcy act, and an order was asked for,. directing that it be stricken from the record so far as it affected the bankrupt estate of Geiselhart and the lot of land described in the petition. On July 25, 1908, the prayer of the petition

was amended and the relief asked for was an order declaring the lien of the judgment to be null and void and releasing and discharging therefrom the property described in the petition. The rule granted on the amended petition was made absolute, on the ground that Geiselhart was insolvent on January 20, 1908, the court holding that if he was solvent at that time, the lien was valid, but, if insolvent, it was void.

In a proceeding like this, to set aside an alleged unlawful preference, state and federal courts have concurrent jurisdiction under the bankruptcy act, but when relief is sought in a state court and its jurisdiction is exercised, the rules of practice as established in the courts of that state prevail: Collier on Bankruptcy, 7th ed., 406, 674; Bank of Commerce v. Elliott, 109 Wis. 648.

The judgment was regular on its face and the appellant denied the right of the trustee to have it stricken off for any reason dehors the record. The fact upon which the court was asked to so summarily dispose of it—the insolvency of Geiselhart on January 20, 1908—was a disputed one, the supplemental answer averring unqualifiedly that on that date he was not insolvent within the meaning of the bankruptcy act. Under the unbroken line of our cases the court could not have stricken the judgment from the record. It is only when the fact upon which the court is asked to strike off a judgment, regular on its face, is admitted or not questioned that it may be stricken off. A judgment entered upon an admittedly forged warrant of attorney has no right to be on the record, and, upon admission of the forgery, the court having control of the record has power to strike it off. In such a case there is nothing to send to a jury: Humphreys v. Rawn, 8 Watts, 78; Bryn Mawr National Bank v. James, 152 Pa. 364; Long v. Lemoyne Borough, 222 Pa. 311.    ;

But it is contended that the rule as to striking off judgments ought not to apply in the present case, because all the court was asked to do, and all that it did under the amended petition, was to declare the lien of the judgment void and that the property mentioned in the petition was not bound by it. We confess our inability to recognize this distinction. In declar-

ing the lien to be null and void and that the real estate of Geiselhart was not bound by it the court summarily struck it down. The very purpose of entering the judgment was to acquire the lien. As an obligation of the debtor the judgment note was as valid unrecorded as recorded, but it could become absolute security to the appellant only by being recorded and thereby becoming a lien upon the real estate of the obligor. The lien thus acquired became the most valuable incident to the obligation, and, in striking it down, the practical effect was to strike off the judgment itself upon which it was based. With the lien gone the bare judgment remaining on the record was of no more value to the appellant as a claim against the bankrupt's estate than a duebill or a demand note. The life was taken out of the judgment and it became a dead thing by the order of the court below. Its extinction was as complete as if the order had been one striking it from the record, and the rule with us as to such an order must prevail. It is to be remembered that the relief asked for was not equitable, but legal. The trustee stands upon what he alleges is his legal right under the bankruptcy act to have the lien of the judgment wiped out because Geiselhart was insolvent on the day it was entered. As this is the disputed question in the case, the court below was without authority to settle it. It was a question of fact upon which the alleged legal right of the trustee depended. In an equitable proceeding the learned judge might have found facts as a chancellor, but not so when he is asked on the common-law side of the court to enforce a legal right depending upon a disputed fact. Before such a right can be enforced the disputed fact upon which it depends must be established by the verdict of a jury.

The order of the court below is reversed and the rule to show cause discharged.