Opinion by
Porter, J.,
The plaintiff brought this action of assumpsit to recover of the defendant association the sum of $1,000 and *118 filed, a statement averring facts which fully warranted a recovery to that amount. The summons and a certified copy of plaintiff’s statement of claim were duly served upon the defendant, on July 19, 1910, the summons being returnable to the first Monday of September following. The defendant filed no affidavit of defense, and judgment was entered against it, for said default, on October 11,1910. The defendant association, on October 22, 1910, presented its petition to the court below, alleging, as an excuse for the failure to file an affidavit of defense, that it had presented a petition for an inter-pleader which had been filed in the orphans’ court and that an auditor had been appointed by that court to distribute the fund which it admitted to be in its hands, and praying the court to open the judgment and let the defendant into a defense. There was attached to this petition of the defendant a copy of the petition for an interpleader which had been filed in the orphans’ court. The plaintiff filed an answer to this petition averring that the defendant had failed to file any affidavit of defense but had instead filed a petition in the orphans’ court praying for an interpleader in that court to decide an issue cognizable only in the common pleas; that the orphans’ court had no jurisdiction in the matter; that under the facts alleged in the plaintiff’s statement and by force of secs. 45 and 51 of the constitution and by-laws of the defendant association, copies of which were attached to and made part of plaintiff’s statement and the correctness of which was not denied by the petition of the defendant, the defendant association was indebted to the plaintiff in the full amount of the claim. The parties, respectively, took no testimony in this proceeding. The learned judge of the court below, on August 1, 1911, made an order striking the judgment from the record, from which order we have this appeal.
The validity of the order of the court below striking the judgment from the record, must be judged by the condition of the record at the time the judgment was *119 entered. The general rule is that an order striking off a judgment must be based upon some irregularity appearing upon the face of the record, or fraud, or want of jurisdiction in the court. There is in this case no allegation of fraud in the entry of the judgment, and the court undoubtedly had jurisdiction of the subject-matter and the parties. The record discloses that the summons and a copy of plaintiff’s statement had been served upon the defendant and, as it had failed to file an affidavit of defense, the plaintiff was entitled to judgment under the express provisions of the act of 1887. Judged by the record, this judgment was absolutely regular. “Opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face:” Breden v. Gilliland, 67 Pa. 34; O’Hara v. Baum, 82 Pa. 416. No facts de hors the record will justify a court in setting aside, or striking off a judgment: Johnson v. Royal Insurance Co., 218 Pa. 423. If there is a fact which ought to appear of record, but does not, which would render the judgment irregular, that fact should be put upon the record by an amendment nunc pro tunc: Lawrence v. Smith, 215 Pa. 534. If it was the intention of this defendant to assert that the petition for an inter-pleader had been filed in this proceeding, it ought to have moved the court to amend the record by directing that the petition for an interpleader be filed nunc pro tunc in this case. This the defendant did not do; it sought to assert the pendency of its petition in the orphans’ court, which had no jurisdiction of the matter, to escape the provision of the statute requiring it to file a specific affidavit of defense in the common pleas. The result of the course which the defendant saw fit to adopt has left this record showing a judgment absolutely regular, as it was the day it was entered. This being so the order of the court below striking the judgment from the record was clearly erroneous.
If we consider the petition of the defendant presented to the court below as an application to open the judgment, *120 instead of to strike it off as the court treated it, we are still constrained to hold that the defendant was not entitled to the relief sought. The statement filed by plaintiff and his answer to the petition of the defendant disclosed that Frank Szovak had left a will which was of record in the county of Cambria. If the allegations of plaintiff’s statement were true the constitution and by-laws of the defendant association, the contract between it and its members, made the death benefits involved an asset of the estate for the payment of debts and funeral expenses, and were under the law of Pennsylvania payable to the executor of the will. The petition presented by the defendant did not deny any of the material averments of plaintiff’s statement, nor did it aver any facts or quote any provision of its constitution and by-laws tending to bring the right of the plaintiff to recover into question. When a defendant is seeking to have opened a judgment entered for want of a sufficient affidavit of defense, the burden is upon him to aver facts which would constitute a defense. Even in a case where a defendant asserts that there are rival claimants of the money which he is called upon to pay, he should at least aver facts, when he seeks to have a judgment entered in default of an affidavit of defense opened, which tend to show that the right of the plaintiff to recover is doubtful. The specifications of error are sustained.
The order of the court below is reversed; the judgment is reinstated and the record is remitted with a procedendo.