## Chubb v. Kelly.

*Judgments—Rule to strike off—Rule to open—Practice—Judgment notes—Agreement not to enter.*

1. A rule to strike off a judgment must be addressed to an irregularity appearing upon the face of the record.

2. A rule to open a judgment is an appeal to the equitable power of the court to permit a defence to a judgment regular upon its face.

3. That judgment notes were given subject to an oral agreement that they should not be entered until after default in payment, is not sufficient to sustain a rule to strike off the judgments if regularly entered in accordance with warrants of attorney contained in the notes.

Rule to strike off judgments. C. P. No. 2, Phila. Co., Dec. T., 1921, No. 4659. *John W. Parks*, for rule; *M. L. Nicholas*, contra.

ROGERS, J., Aug. 3, 1922.—The defendant has taken a rule to strike off judgments entered by virtue of the warrant of attorney contained in certain judgment notes. In his petition he alleges an oral agreement between the parties that the notes should not be filed by the plaintiff until default in payments on the respective due dates. Defendant avers that the plaintiff entered the judgments in violation of an oral agreement, and he now seeks to set up the violation of the alleged agreement as a defence to the plaintiff's claim on the notes. No complaint is made as to the regularity and legality of the record, but the petition sets forth facts which it alleges defeat plaintiff's right at this time to judgment.

The application to the court for relief against a judgment is addressed to its equitable power. The practice in equity is that when the testimony shows a *prima facie* right to relief, the defendant may apply for an issue to a jury: Supreme Court Equity Rules, 72. The rule to strike off observes only irregularities of record, and takes no account otherwise of facts, and it may be observed, in illustration, that one result of a confusion of the rule to strike

off with the rule to open a judgment would be a tendency to obscure the defendant's right to apply for an issue in a *prima facie* case. The present defendant may not desire an issue, but it is a matter of importance that the rule taken should be appropriate in form to secure the relief asked, and we must be guided by the accepted rules of practice. The rules applicable were clearly stated by Sharswood, C. J., in O'Hara *v.* Baum, 82 Pa. 416: "A motion to set aside or strike off a judgment must be on the ground of irregularity appearing on the face of the record; a motion to open it is an appeal to the equitable power of the court to let the defendant into a defence."

The distinction between the rule to open and the rule to strike off has always been recognized (Lawrence *v.* Smith, 215 Pa. 534; Williams *v.* Notopolos, 247 Pa. 554; Spiese *v.* Shee, 250 Pa. 399), although the courts have sometimes treated the rules as if they were the same: Knox *v.* Flack, 22 Pa. 337; Hutchinson *v.* Ledlie, 36 Pa. 112. See the subject discussed in Mitchell on Motions and Rules (2nd ed.), 118, *et seq.*

In any case where an application is addressed to the equitable power of the court to permit a defence to a judgment regular on its face, the proper remedy is a rule to open: Miller *v.* Glass Works, 172 Pa. 70. This defendant raises a question of fact which goes to the merits of the plaintiff's claim and not to any irregularity of the record. His proper remedy, therefore, it seems to the court, is a rule to open and not to strike off the judgment.

Rule dismissed.