## Cohen, Agent, v. Mazzola

*W. C. Graeff*, for plaintiff.
*L. E. Meyer*, for defendant.

EHRGOOD, P. J., February 16, 1949.—This matter is before the court on a petition and rule to show cause why a judgment entered on a warrant of attorney contained in a written lease should not be stricken off.

On July 30, 1946, a written lease was entered into between "Frank Cohen et al.", as party of the first part, hereinafter referred to as lessor, and Anthony Mazzola, party of the second part, hereinafter called lessee. Inter alia, the lessor, in consideration of the rents and covenants contained in said lease, leased unto the lessee as a "retail store for the sale of piece goods", the premises described as follows: "All that certain small storeroom in the building formerly known as McGowan's, and numbered 706 Cumberland Street, Lebanon, Lebanon County, Pennsylvania."

"Rent payable at the offices of Frank Cohen, 714 Cumberland Street, Lebanon, Pennsylvania."

For a term being from September 1, 1946, and ending on August 31, 1949, in consideration of which the lessee agreed to pay the lessor the sum of $8,100, payable, viz: "$200.00 each and every month as the same may become due and payable in advance for the first year. $225.00 a month for the second year and $250.00 for the third year."

The following conditions and covenants are contained in said lease:

"And the said second party also agrees . . . not to remove from the said premises during the term of this lease without the written consent of the said first party, and in case of removal, or attempt to remove, the entire rent reserved for the full term of this lease shall become due and payable at once, and may forthwith become collectible by distress or otherwise."

"And any goods removed from said premises, either before or after expiration of the said term, while any portion of the said rent remains unpaid, whether due or not, shall remain liable to distress for such rent for the period of thirty days after such removal, the same as though they remained upon the premises, and any removal of the goods from the said premises at any time, either by day or by night, without the written consent of the said first party, shall be considered a clandestine and fraudulent removal. And if default shall be made in the payment of any part of said rent for five days after the same becomes due, or if the second party shall break or evade, or attempt to break or evade any of the covenants, agreements and conditions of this lease, the first party may forfeit and annul the unexpired portion of this lease and enter upon and repossess the said premises without process of law and without any notice whatsoever."

"And the said second party hereby confesses judgment in favor of the said first party for the whole

amount of the rent at any time remaining unpaid; whether the same shall have been due or not, waiving stay of execution, inquisition and all exemption laws and 10 per cent to be added as attorney's commission for collection."

The written lease was executed on behalf of the lessor, as follows: "Frank Cohen, Agent" seal; and, on behalf of the lessee, "Anthony Mazzola", seal.

On November 25, 1946, W. C. Graeff, attorney for plaintiff, filed the following præcipe in the prothonotary's office of Lebanon County, Pa.:

"FRANK E. COHEN, AGENT v. ANTHONY MAZZOLA. In the Court of Common Pleas of Lebanon County, Pa., No. 227, December Term 1946.

### "PRAECIPE

"TO THE PROTHONOTARY OF SAID COURT:

"Enter judgment in favor of the plaintiff and against the defendant on the attached lease and the affidavit of default in accordance with the authority contained in the said lease for the sum of Seventy-six hundred dollars ($7,600.00), with costs and attorney's commission of $760.00 thereon.

"W. C. Graeff,

Attorney for Plaintiff."

Attached to said præcipe was the written lease, hereinbefore referred to, and also the following affidavit of default:

"FRANK E. COHEN, AGENT, v. ANTHONY MAZZOLA. In the Court of Common Pleas of Lebanon County, Pa., No. 227, December Term 1946.

### "AFFIDAVIT OF DEFAULT

"Commonwealth of Pennsylvania ⎱ ss:
County of Lebanon ⎰

"Before me, the undersigned authority, personally appeared Frank E. Cohen, Agent, who being duly

sworn according to law deposes and says that he is the lessor in a certain agreement of lease executed the 30th day of July, A. D. 1946, and that Anthony Mazzola is the lessee, and that the lessee is in default in the payment of rent under the terms of the lease in the amount of Seventy-six hundred Dollars ($7,600.00). Said lease covers a period from September 1, 1946 to August 31, 1949. And that the lessee has breached the above mentioned lease in that he did remove from said premises during the term of this lease without the written consent of the first party or did attempt to remove in violation of the covenants of the lease. And that, therefore, the lease is in default in such amount.

"Frank E. Cohen, Agent.

"Sworn and subscribed to before me this 25th day of November, A. D. 1946.

"C. Elizabeth Atkins (Notarial Seal)

"Notary Public.

"My Com. Exp. end of next Session of Senate."

On November 26, 1946, defendant, through his attorney, presented a petition to strike off the judgment aforesaid, alleging, inter alia, "that your petitioner [defendant] has been informed by counsel and believes, and, therefore, avers, the said warrant of attorney is not sufficient in law to authorize the prothonotary to enter said judgment because said judgment was entered upon a lease within the statute of frauds as will appear by said lease, it having been made on July 30, 1946, to begin on September 1, 1946, and to end on the 31st day of August 1949, and said lease was not executed by the owners of the said premises, the(y) being Frank E. Cohen and Sylvia E. Cohen, as tenants by the entirety of an undivided one-half interest, and Benjamin and Ruth Roseman as tenants by the entirety of the other undivided one-half interest, and there being no evidence in writing of the

authority of Frank E. Cohen as agent to execute the said lease".

Petitioner prayed for a rule on plaintiff to show cause why said judgment should not be stricken off; all proceedings to stay. Whereupon, this court on November 25, 1946, granted a rule on plaintiff to show cause why the judgment entered should not be stricken off, directing petitioner to enter bond in the sum of $7,500 with Penn Mutual Indemnity Company as surety, conditioned upon the payment of costs incurred in the proceedings and any damages sustained by plaintiff.

Plaintiff filed an answer to defendant's petition for a rule to strike off the judgment, which, inter alia, contains the following averments:

"The averment of the defendant's second paragraph numbered 3 is denied insofar as it refers to a lack of written authority on the part of the plaintiff, Frank E. Cohen, agent, to execute the lease now in litigation as agent for the owners; and in contradiction thereto it is averred by the plaintiff that the owners of the premises leased, namely, Frank E. Cohen and Sylvia E. Cohen, Benjamin Roseman and Ruth Roseman, did, on to-wit, February 11, 1946, enter into a written contract of agency wherein and whereby, inter alia, Frank E. Cohen was authorized to execute any and all leases for the premises leased to the defendant under the terms of the lease now in litigation, a copy of which contract is attached hereto and made a part hereof as Exhibit 'B'."

"Exhibit B" attached to plaintiff's answer aforesaid, inter alia, contains the following: "We do hereby appoint Frank E. Cohen, one-fourth co-owner of the properties above numbered to be our lawful agent, and to act for us, he to have the following authority: (1) authority to rent any of the properties, 702, 704, 706 Cumberland Street, Lebanon, Pa., by lease for no longer than five years at a rental which he shall deem

fit and upon such terms as he shall deem wise; (a) authority to collect any and all rents for any of the above properties or authorize any of the tenants of these properties to pay any such rents to any real estate agent. He to account to us for any rental received every sixty days."

This document was signed and sealed by Frank E. Cohen, Sylvia Cohen, Benjamin Roseman and Ruth Roseman.

The statute of frauds in Pennsylvania, Act of March 21, 1772, 1 Sm. L. 389, 33 PS §1, provides as follows:

"From and after April 10, 1772, all leases, . . . , of, in, or out of any messuages, manors, lands, tenements or hereditaments, made or created, . . . and not put in writing, and signed by the parties so making or creating the same, or their agents, thereunto lawfully authorized by writing, shall have the force and effect of leases or estates at will only, and shall not, either in law or equity, be deemed or taken to have any other or greater force or effect, any consideration for making any such parol leases or estates, or any former law or usage to the contrary notwithstanding; except, nevertheless, all leases not exceeding the term of three years from the making thereof; and moreover, that no leases, estates or interests, either of freehold or terms of years, or any uncertain interest, of, in, to or out of any messuages, manors, lands, tenements or hereditaments, shall, at any time after the said April 10, 1772, be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same, or their agents, thereto lawfully authorized by writing, or by act and operation of law."

In Peterson v. Schultz, 162 Pa. Superior Ct. 469, 474, it is held:

"The general rule is that a judgment regular on its face will not be stricken from the record. It is only

when the fact upon which the court is asked to strike off a judgment, regular on its face, is admitted or not questioned that it may be stricken off. Exler v. American Box Co., 226 Pa. 384."

In 7 Standard Pa. Practice §169, p. 170, inter alia, it is set forth:

"Moreover, it is a general rule that a judgment regular on its face may not be struck off or vacated. The judgment may not be struck off, under this general rule, where no defect or irregularity appears upon the face of the record. An application to strike off the judgment is not the proper remedy where there is an issue of fact as to the grounds for relief. Accordingly, facts dehors the record do not justify the court in striking off a judgment. However, such remedy is proper where the facts showing the irregularity or invalidity of the judgment are on the record by the petition to strike off, *and are admitted or not denied by the other party.*" (Italics supplied.)

The first question for our determination is whether or not the judgment entered, in the instant case, is regular on its face. The written lease between the parties was executed by "Frank E. Cohen, Agent", as lessor. The lease provided for the entry of judgment, for the amount of rent remaining due for the full term of the lease in the event that the lessee removed from the demised premises, without the written consent of the lessor. The procedure followed by plaintiff in entering said judgment, by a præcipe addressed to the Prothonotary of the Court of Common Pleas of Lebanon County directing him to enter judgment in favor of plaintiff and against defendant, and having attached thereto an affidavit of default setting forth that rent for the balance of said term, in the sum of $7,600 became payable by reason of lessee's removal from said premises, during the term of said lease, without the written consent of the lessor, was in accordance with the proper legal practice. The written

lease between the parties was also attached to the proceeding upon which the judgment was entered. Therefore, the only legal question involved is whether the entry of judgment in favor of "Frank E. Cohen (Agent)", was the proper legal procedure. We are of the opinion that it was. Pa. R. C. P. 2002 is as follows:

*"Prosecution of Actions by Real Parties in Interest. Exceptions.*

"(*a*) Except as otherwise provided in clauses (*b*), (*c*) and (*d*) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

"(*b*) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

"(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

"(2) is a person with whom or in whose name a contract has been made for the benefit of another".

In Goodrich-Amram Civil Practice, sec. 2002(*b*)-2, Actions by Fiduciaries and Representatives, it is set forth:

"Subdivision (b) (1) of Rule 2002 permits the owner of a cause of action to bring suit thereon without joining those beneficially interested when the owner of the cause of action 'is acting in a fiduciary or representative capacity'. This authorizes an agent, trustee of a formal trust, guardian, committee or personal representative who is otherwise entitled to sue, to bring an action without joining the person he represents or for those whose benefit he is acting.

"When suit is brought under Subdivision (b) (1), the plaintiff must indicate his fiduciary or representa-

tive character in the caption of the action and in his initial pleading."

It clearly appears to us that plaintiff, in the instant case, has followed the procedure indicated in the foregoing Procedural Rules. The judgment was entered upon the præcipe brought by plaintiff, "Frank E. Cohen, Agent", under the confession of judgment clause contained in the lease, and thereby indicated his representative character in the caption of the action and in his initial pleading. Furthermore, defendant has not raised this defense in his petition, and his failure to do so must be deemed a waiver thereof.

Wherefore, we are of the opinion that the judgment as entered is "regular on its face".

The remaining question, before us for determination, is whether or not the fact upon which the court is asked to strike off the judgment, regular on its face, is admitted or not questioned. The fact relied upon by defendant, as set forth in his petition, is that "the said warrant of attorney is not sufficient in law to authorize the prothonotary to enter said judgment because said judgment was entered upon a lease within the statute of frauds as will appear by said lease, it having been made on July 30, 1946, to begin on September 1, 1946, and to end on the 31 day of August, 1949, and said lease was not executed by the owners of said premises, they being Frank E. Cohen and Sylvia E. Cohen, as tenants by the entirety of an undivided one-half interest, and Benjamin Roseman and Ruth Roseman, as tenants by the entirety of the other undivided one-half interest, and there being no evidence in writing of the authority of Frank E. Cohen as agent to execute the said lease". Plaintiff's answer to the aforesaid averment denies the lack of written authority on the part of plaintiff, Frank E. Cohen, agent, to execute the lease as agent for the owners, and avers that a written contract of agency was entered into between the owners of the property

with Frank E. Cohen, as agent, to lease the demised premises for a period not in excess of five years, and collect the rents due under said lease, as the agent of the owners. It is, therefore, apparent that the fact upon which the court was asked to strike off the judgment—the authority of Frank E. Cohen, agent, in writing, as provided by the statute of frauds, was a disputed one, the answer averring unqualifiedly that plaintiff was authorized, in writing, to lease the demised premises and collect rents therefrom for a period of five years.

Wherefore, we are of the opinion that defendant is not entitled to have the judgment stricken from the record and we make the following order and decree.

And now, to wit, February 16, 1949, the prayer of defendant's petition to strike off the judgment entered in the prothonotary's office of Lebanon County, Pa., to no. 227, December term, 1946, is denied, and the rule to show cause, as prayed for, is refused. The costs of this proceeding to be paid by defendant.