454 A.2d 71

**TOWNSHIP OF MIDDLETOWN, Appellant,**

**v.**

**FRIED & GERBER, INC., Irvin Fried and Albert D. Gerber.**

Superior Court of Pennsylvania.

Argued Sept. 14, 1981.

Filed Dec. 17, 1982.

162

Paul M. Lewis, Philadelphia, for appellant.

Gilbert J. Golding, Morrisville, for appellees.

Before CAVANAUGH, DiSALLE and WATKINS, JJ.

CAVANAUGH, Judge:

We consider on appeal the trial court's order granting a petition to strike a judgment which had been taken in favor of appellant, Township of Middletown and against appellee, Irvin Fried.

The instant action is a suit to recover amusement taxes allegedly due the township as the result of revenues from auto races conducted at the Langhorne Speedway in Bucks County. The complaint filed in June of 1970, alleged that Fried was President of Fried and Gerber, Inc. and that he, together with the other defendants, was liable to the township for substantial sums representing amusement tax revenue. Fried was never served with the complaint, although service was made upon the co-defendants Fried and Gerber, Inc. and Albert Gerber. After the filing of the complaint, the defendants met with their attorney, John W. Dean, III, concerning defense of the suit. There were some preliminary discussions with the attorney for the township, Mr. Nathan, but the matter laid at rest until October 1971 when Nathan advised Dean's office that he intended to proceed with the litigation. Shortly thereafter, Donald B. McCoy, Esquire, on behalf of the law firm of Dean and McCoy, filed an appearance for all three defendants and filed preliminary objections to the complaint on behalf of all defendants. Again the matter went into repose, and it was about five years later when counsel for the township notified attorney McCoy of his renewed intention to puruse the case. The township then proceeded without response from defendants to seek and obtain a dismissal of the 1971 preliminary objections and thereafter it obtained a default judgment against defendants for want of an answer, since at that time there were appearances on behalf of all defendants of record and no responsive pleadings. The matter in course proceeded to the assessment of damages against the defendants in the sum of $82,852.02 in August of 1977. Appellee Fried petitioned to strike the judgment in Decem-

ber of 1977. After submission of depositions taken of Fried, Dean, McCoy and Nathan, the court entered its order striking the judgment from which the township has filed this appeal.

The first argument which we treat on appeal is that since the court considered matters extrinsic to the record, it should not have entered an order to strike the judgment under Pennsylvania law. Since the record admittedly shows that there has been an appearance entered on behalf of Fried and since the appellee's claim is that the appearance was unauthorized, the court of necessity had to consider the depositions and other material taken in support to the motion to strike the judgment in reaching the conclusion that the appearance was unauthorized, thereby striking the judgment. It is often repeated in Pennsylvania cases that a petition to strike a judgment is a common law proceeding and operates as a demurrer to the record and that a petition to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining the judgment will not be stricken and matters dehors the record will not be considered. *Kophazy v. Kophazy*, 279 Pa.Super. 373, 421 A.2d 246 (1980). *See also Parliament Industries, Inc. v. Vaughan Company*, 287 Pa.Super. 458, 430 A.2d 981 (1980); *Bethlehem Steel Corporation v. Tri-State Industries, Inc.*, 290 Pa.Super. 461, 434 A.2d 1236 (1981); *J.F. Realty Company v. Yerkes*, 263 Pa.Super. 436, 398 A.2d 215 (1979); *Equibank v. Dobkin*, 284 Pa.Super. 143, 425 A.2d 461 (1981). Moreover, we are precluded from considering this matter as a petition to open judgment because, initially, the original petition here was only a petition to strike and that is the remedy which the court allowed, and secondly, since in *Kophazy, supra,* a panel of our court after a review of the cases concluded that trial courts may not *sua sponte* convert a petition to strike into a petition to open. The court held:

We therefore hold that a lower court commits error when it *sua sponte* converts a petition to strike a judgment into a petition to open a judgment and grants relief

without first giving the opposing party the opportunity to contest the petition to open as a petition to open. Since that is what the lower court did here, its order must be reversed.

279 Pa.Super. at 380, 421 A.2d at 250.

Certainly, if the trial court is prohibited from a conversion on the basis of giving the opposing party fair notice, we may not do so on appeal.

 It follows then that the order of the trial court may only be affirmed if this case is an exception to the rule that in determining a motion to strike no evidence outside the record may be considered. In the case of *Bryn Mawr Bank v. James*, 152 Pa. 364, 25 A. 823 (1893), decided in 1893, Mr. Chief Justice Paxson wrote (we include the entire opinion due to its brevity):

OPINION BY MR. CHIEF JUSTICE PAXSON, January 16, 1893:

The only specification of error is, that the court below erred in striking off the judgment which had been entered in favor of the plaintiff. The appellant's paper book does not give us the entire record necessary to an intelligent understanding of the case. The appellee, however, has given us the affidavit of the defendant upon which the court granted the rule to strike off the judgment, by which it appears that the first knowledge that the defendant had that a suit had been brought against her was the execution issued upon the judgment; that one John J. Clark, attorney at law, had accepted service of the writ and statement issued and filed therein as attorney for the defendant; that the said John J. Clark was not her attorney; that she had never consulted him professionally in respect to the said suit, and that he had no authority from her to accept service as her attorney of such writ and statement. While the court may not, as a general rule, strike off a judgment, regular upon its face, yet it may do so where a judgment has been entered wholly without authority. The judgment so entered is no judgment at all, so far as it affects the rights of the defendant. In this case the question of fact, as to the authority

of the attorney, has been decided by the court below in favor of the defendant. We must presume it to have been correctly decided in the absence of anything to show the contrary.

Judgment affirmed.

It is tempting to quibble with the decision in *Bryn Mawr Bank* for it takes a tidy rule which says, "if you must go outside the record then you must pursue your remedy by a petition to open judgment and you may not proceed by a petition to strike the judgment" and makes a troublesome exception. Moreover, *Bryn Mawr* was a case where the court was lacking a sufficient record on appeal to allow the court, "an intelligent understanding of the case" and indeed, our examination of the paper books (as they were entitled in those days) for appellant Bryn Mawr discloses a simple ten line argument citing only a single case. The court was obviously impressed by the affidavit furnished in appellee's paper book wherein Emma James swore that the attorney who had entered an appearance on her behalf thereby enabling the default was not in fact her attorney; that she had never consulted him and that she first learned of the suit against her when execution was issued upon the judgment. The deposition of John J. Clarke, the attorney who accepted the writ on Emma James' behalf, was taken and he admitted to the lack of authority. Nevertheless, *Bryn Mawr* has never been overruled and is therefore authority for the proposition that if the judgment is based upon an unauthorized entry of appearance or acceptance of service, then extrinsic evidence may be submitted to show the lack of authority on the part of the attorney.[1] The lower court, then, could consider extrinsic evidence in making the determination that in entering an appearance and filing preliminary objections, Attorney McCoy acted without authority from Fried. And in fact, the court did so con-

---

**1.** A close reading of cases citing *Bryn Mawr* shows that for the most part they are cases which did not necessarily, as in *Bryn Mawr,* include consideration of material outside the record. In *Mullen v. Slupe,* 360 Pa. 485, 62 A.2d 14 (1948), the court stated: (with respect to a document attached to the petition to strike which the court considered) "Nor did the authenticated registration constitute matters

clude. The court in its opinion stated that it was established that the relevant papers purported to be on Fried's

dehors the record. The official public information which the defendants thus introduced by their amended petition supplied a patent omission with respect to material manner (sic) which it was the plaintiffs' duty to establish in lumine and for which their declaration actually gave the source reference." In *Citizens National Bank v. Hileman*, 233 Pa. 432, 82 A. 770 (1912), the note upon which the judgment was taken was marked "paid" and the Supreme Court simply enforced that and struck the judgment since the note "ceased to be in itself a valid obligation". The court in *Wilkinsburg Boro v. School District*, 298 Pa. 193, 148 A. 77 (1929) concluded from an examination of the claim filed that it was not based on any statutory imposition of liability, a necessary basis for the suit. *Romberger v. Romberger*, 290 Pa. 454, 139 A. 159 (1927) involved a judgment void on its face. In *Saupp v. Streit*, 258 Pa. 211, 101 A. 939 (1917) the impropriety of the entry of judgment as to the petitioner was apparent from an examination of the record. But *see Long v. Lemoyne Borough*, 222 Pa. 311, 71 A. 211 (1908) where the court relying on *Bryn Mawr* did consider matters outside the record.

*Exler v. American Box Company*, 226 Pa. 384, 75 A. 661 (1910) reversed an order striking a judgment because it was regular on its face and distinguished *Bryn Mawr* thusly, "It is only when the fact upon which the court is asked to strike off a judgment regular on its face is admitted or not questioned that it may be stricken off". Citing *Bryn Mawr; Long v. Lemoyne Borough, supra,* and *Humphreys v. Rawn*, 8 Watts 78 (1839 Pa.). The same distinction was recognized in *Lawrence v. Smith*, 215 Pa. 534, 537, 64 A. 776 (1906), wherein the court stated:

> There are cases where the distinction has apparently been disregarded, but they will all be found to be cases where the facts which would constitute an irregularity in the judgment were undisputed, and the form of the remedy was unimportant. But, as said in *O'Hara v. Baum* [82 Pa. 416], "it is nevertheless important to observe the distinction in practice in all cases."

*See* also, *S.D. Hall v. West Chester Publishing Company*, 180 Pa. 561, 37 A. 106 (1897). Although these last cases present a basis for distinguishing *Bryn Mawr* from the present i.e. that when the fact though outside the record, is admitted or not questioned it may be considered on a petition to strike but not where, as in our case, the authority is disputed, we do not think that this is a distinction warranted by the broad language of *Bryn Mawr*. The *Bryn Mawr* decision does not make this distinction and speaks only in terms of a judgment entered wholly without authority and determined that the question of fact as to the authority of the attorney had been decided by the lower court. It is only from our examination of the paperbooks that we find the lower court really had no issue of fact to decide since the deposition of the attorney admitted that he had no authority to accept service. And Cf. *Nixon v. Nixon*, 329 Pa. 256, 198 A. 154 (1938) where the court citing *Bryn Mawr* commented that the distinction between motions to open and motions to strike have at times "not been observed."

behalf because of a "clerical error" in copying the caption of the entry of appearance and preliminary objections from the caption of the complaint, and cites the fact that the affidavit to the preliminary objections was signed only by Gerber, thereby supporting the testimony as to the clerical error. It is true that when Attorney McCoy filed the Petition to Strike Off Judgment he alleged in the petition and filed an affidavit to the effect that he was specifically instructed not to enter an appearance by Mr. Fried and that despite this instruction through "secretarial oversight" an entry of appearance was filed including the name of Fried. It is further alleged that the caption of the complaint was merely transposed onto the entry of appearance form. However, at a later date the *testimony* of Attorney McCoy was taken. At that time he stated that he was called into a conference in the summer of 1970 after the suit had been filed and met with his associate Dean and the defendants, Fried and Gerber. At that time it was decided that the strategy would be for him to prepare preliminary objections to the complaint but to hold them in the file pending further developments. The preliminary objections were then prepared and were filed by McCoy over a year later together with an entry of appearance when it appeared that opposing counsel was again preparing to push the matter. Mr. McCoy at that time assumed that Mr. Fried had been served. The appearance was for Fried and the preliminary objections repeatedly refer to Mr. Fried in the body of the pleading as well as the caption. Mr. McCoy testified that they were prepared under his direction. Thus, contrary to the court's findings, the relevant testimony contains nothing about a clerical error but rather demonstrates that the papers were prepared with the full intention of including Mr. Fried as party thereto. The court could not accept the averments of a pleading which contradict the subsequent sworn testimony of the crucial witness on the issue of authority. We, therefore, conclude that the premise on which the court found lack of authority is in error.

We must reverse when we find that the evidence does not justify and sustain the conclusions of the court

below. *Lawner v. Engelbach*, 433 Pa. 311, 249 A.2d 295 (1969). Since the basis on which the court granted the petition to strike is invalid, we reverse and reinstate the judgment.

Appellant also asserted below that Attorney Dean had accepted service on behalf of Fried thereby submitting to the jurisdiction of the court. The argument here is that Fried having authorized acceptance of service on his behalf without thereafter answering or otherwise pleading subjected himself to the default judgment. The lower court considered the testimony of Fried and the attorneys, as well as letter communications, in making a determination that there was no acceptance of service. In view of our disposition, however, that the order to strike the judgment is not supportable and the ground relied upon by the trial court, we think it would not be prudent to examine this issue at this time since neither party nor the lower court considered the acceptance of service problem in the context of the limitations upon a motion to strike.

Reversed and remanded. Jurisdiction is relinquished.

DiSALLE, J., did not participate in the consideration or decision of this case.